276 P.2d 517

Jesse Floyd WIGLEY, Guardian of the Estate of John R. Wigley, an incompetent person, Appellant,

v.

Guy R. WHITTEN and Ardella D. Whitten, his wife, Appellees.

No. 5849.

Supreme Court of Arizona.

Nov. 15, 1954.

Sharon Stanford and Robert R. Weaver, Phoenix, for appellant.

Johnson & Shelley, Mesa, for appellees.

WINDES, Justice.

John R. Wigley, being the owner of 40 acres of farming land and having leased the same to Guy R. Whitten and Ardella D. Whitten, his wife, appellees herein, for a term ending May 1, 1955, sold and conveyed the property to appellees for a total consideration of approximately $11,970. The transaction was handled through H. G. Kerby's real estate office in Chandler, Arizona. Thereafter the purchaser spent some $4,986 in permanent improvements on the premises. Prior to this transaction Mr. Wigley had contracted to sell the property to another party for considerably less.

Subsequent to the sale to appellees, Mr. Wigley's son, hereinafter designated appellant, caused himself to be appointed guardian of his father's estate and, demand for reconveyance having been rejected, brought suit to set the conveyance aside upon the ground that his father was mentally incompetent to sell and convey the property. The matter was tried before a jury and one interrogatory was submitted inquiring of the jury whether Mr. Wigley was capable of understanding the nature and consequences of his act when he signed the deed. The jury answered the interrogatory in the affirmative. The court adopted the finding of the jury and rendered judgment for the defendant-appellees. The guardian appeals and presents as assignments of error (1) that the court refused to permit certain lay witnesses to state their opinions concerning the mental competency of the ward, and (2) that the undisputed evidence established incompetency.

Appellant offered Albert Bernard as a witness who, after stating that he had known Mr. Wigley all the witness' life and that he had occasion to talk to him quite a few times (it not appearing when), said he had formed an opinion as to his mental competency. The witness was then asked whether he thought Mr. Wigley "understands the nature of his acts". Objection was made to the witness giving his opinion upon the ground it called for a conclusion and that "he is not a qualified man to state an opinion". This objection was sustained. Thereafter, appellant made an offer of proof by several lay witnesses wherein it was avowed that such witnesses, if allowed to testify, would testify that they had known John R. Wigley for many years; that they observed his conduct; that they were well acquainted with him on the date the deed was executed; and that in their opinion he was mentally incompetent and could not understand the nature or consequences of the act of signing a deed. Objection to such offer was made upon the ground, among others, that no foundation was laid. This objection was sustained.

90

■ Undeniably a lay witness, if he can meet the qualifications prescribed by law, may give his opinion concerning mental competency. Sapp v. Lifrand, 44 Ariz. 321, 36 P.2d 794; In re Wagner's Estate, 75 Ariz. 135, 252 P.2d 789. Before such opinion may be given, there are certain qualifications and foundational prerequisites that must be shown. The general rule setting forth the requirements to qualify a lay witness to give an opinion concerning mental capacity is well stated in 20 Am. Jur., Evidence, section 853, page 715, as follows:

"It is necessary also, as a predicate for the opinion of a nonexpert witness as to the sanity or insanity of a person whose mental condition is an issue, for the witness to state facts and circumstances upon which he bases his opinion. Nonexpert witnesses are permitted to express opinions as to sanity or insanity only after they have testified to acts, conversations, and conduct of the person whose sanity is in question, which to some extent indicate sanity or lack of sanity and upon which they base their opinions. As stated in many cases, a nonexpert witness must always lay the foundation for his opinion by stating, as fully as possible, the evidential facts upon which he bases his opinion."

This court in State v. Eisenstein, 72 Ariz. 320, 235 P.2d 1011, 1015, stated the rule in this language:

■ "Non-expert witnesses may express opinions as to sanity or insanity only after they have testified to acts, conversations and conduct of the person whose sanity is in question, which to some extent indicates sanity or lack of sanity and upon which they base their opinions."

■ Applying the foregoing test, it is apparent that the witness Bernard did not qualify to give his opinion and that the offer of proof by other lay witnesses did not disclose any foundational facts that would qualify such witnesses. We think under these circumstances the court properly sustained the objections.

■ It is urged that the court gave the wrong reason for excluding this evidence. The remarks of the trial judge appearing in the record indicate possibly this is true. His remarks are susceptible of the interpretation that the judge ruled out the evidence because he thought under no circumstances could a lay witness give an opinion but is limited to stating the facts. Whatever reason the court had for its ruling is of no consequence if the reason given in the objection warrants the ruling made. If objecting counsel gave the correct reason and secured a correct and favorable ruling, he cannot be penalized by reversal because the court had another but incorrect reason for such ruling. A wrong reason for a correct ruling is not reversible error. Corral v. Ocean Accident & Guar-

.antee Corporation, 42 Ariz. 213, 23 P.2d 934; 3 Am.Jur., Appeal and Error, section 825, page 367.

On behalf of appellant, doctors gave opinion evidence concerning Mr. Wigley's mental condition which the court believed sufficient to submit the question to the jury. There was nothing in the nature of opinion evidence to the effect that he was competent. It is contended that under such circumstances there was no evidence upon which the jury could find competency. This is not sound. Appellee Guy R. Whitten and the real estate agent handling the deal testified in detail concerning the negotiations leading up to and concluding the transaction. From these circumstances the jury would be authorized in concluding that Mr. Wigley fully understood the nature and consequences of his act in selling and conveying his property. Under such circumstances the jury is not bound by opinion evidence. It may reject such evidence as inconsistent with the facts in the case. 20 Am.Jur., Evidence, section 1208, page 1059.

Judgment affirmed.

PHELPS, C. J., and LA PRADE and UDALL, JJ., concur.

STANFORD, J., having disqualified himself, did not participate in the determination of this appeal.