278 P.2d 412

Jesse Floyd WIGLEY, Guardian of the Estate of John R. Wigley, an incompetent person, Appellant,

v.

Guy R. WHITTEN and Ardella D. Whitten, his wife, Appellees.

No. 5849.

Supreme Court of Arizona.

Jan. 4, 1955.

Sharon Stanford and Robert R. Weaver, Phoenix, for appellant.

Johnson & Shelley, Mesa, for appellees.

WINDES, Justice.

For statement of facts and original opinion, see Wigley v. Whitten, 78 Ariz. 88, 276 P.2d 517.

Therein we said in effect that none of the lay witnesses who were denied the right to give their opinion concerning mental competency of John R. Wigley qualified by stating sufficient foundational facts. In this statement we were in error as to the witness James David, bank manager in Chandler, Arizona. This witness did relate an incident wherein Mr. Wigley exhibited some abnormal conduct which we believe would qualify the witness David to give a layman's opinion concerning mental competency of Mr. Wigley. We are unable to conclude, however, that the failure of the court to admit this opinion could possibly have had a prejudicial effect. All the facts concerning Mr. Wigley's conduct on this occasion having a bearing upon his competency were before the jurors. They were in a position to draw practically as good a conclusion from these facts as the witness. Under these conditions, where the witness' opinion would of necessity be of slight value to the jury and to the court sitting as a court of equity, and where the jury refused to follow the opinion testimony of experts, it is inconceivable that either the jury or the court could possibly have been influenced to decide the matter differently had the witness been allowed to give his opinion that Mr. Wigley was incompetent. If excluded evidence is of such slight value that its admission doubtless would not have changed the result, the exclusion is mere technical error. 3 Am.Jur., Appeal and Error, section 1031;

226

Ham v. Miss C. E. Mason's School, The Castle, 249 Ky. 478, 61 S.W.2d 7.

The former opinion is adhered to.

PHELPS, C. J., and LA PRADE and UDALL, JJ., concur.

STANFORD, J., having disqualified himself, did not participate in the determination of this appeal.