408 P.2d 849

**Edward Carmen DI ORIO, Appellant,**

**v.**

**CITY OF SCOTTSDALE, a Municipal Corporation, Appellee.\***

**No. 1 CA–CIV 87.**

Court of Appeals of Arizona.

Dec. 16, 1965.

---

\* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 8301. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

**330**

Alan Philip Bayham, Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, by Nicholas Udall and Thelton D. Beck, Phoenix, for appellee.

CAMERON, Judge.

This is an appeal by the plaintiff Di Orio from an order granting defendant City of Scottsdale's motion to dismiss, and from an order granting defendant City of Scottsdale's motion for summary judgment.

The action arises out of an automobile-motorcycle accident. The question before this Court is whether the doctrine of res judicata or the doctrine of collateral estoppel will apply against Di Orio where he has suffered a judgment to be taken against him in the United States District Court on the same fact situation but in favor of an employee of the City of Scottsdale where the City of Scottsdale was not a party.

The facts necessary for a determination of this matter on appeal are as follows: Di Orio was the driver of an automobile which was involved in an automobile-motorcycle accident in Scottsdale, Arizona, on or about 20 September, 1962. This motorcycle was driven by Jon T. Nicholson, a motorcycle patrolman for the appellee, City of Scottsdale. Nicholson brought suit against Di Orio, and the matter was transferred to the United States District Court for the District of Arizona. Di Orio filed an answer and counterclaim against Nicholson, alleging, among other things in the answer, that Nicholson was guilty of contributory negligence. The City of Scottsdale was not joined by Di Orio in his counterclaim. Di Orio next moved to dismiss his own counterclaim without prejudice which motion was granted, 17 June, 1963. Thereafter, on 28 June, 1963, Di Orio filed this suit in the Superior Court of the State of Arizona against the City of Scottsdale. The City of Scottsdale moved to dismiss.

On 24 September, 1963, judgment was rendered in the District Court in favor of Nicholson and against Di Orio, in the amount of $90,000. Motion to dismiss and a motion for summary judgment were thereafter granted in the State court in favor of the City of Scottsdale, a judgment of dismissal was entered, and Di Orio brings this appeal.

It is the contention of the appellee, City of Scottsdale, that the doctrine of res judicata or the doctrine of collateral estoppel applies in this case, and is available to the City of Scottsdale as a bar to further action by Di Orio on the same fact situation which was litigated in the District Court. Under the doctrine of res judicata an existing final judgment rendered upon the merits without fraud or collusion by a court of competent jurisdiction is conclusive as to every point decided and as to every point which could have been raised by the record, and decided with respect to the parties thereto. Day v. Wiswall's Estate, 93 Ariz. 400, 381 P.2d 217 (1963). The doctrine of res judicata binds the same parties standing in the same capacity in the subsequent litigation on the same cause of action, not only upon the facts actually litigated, but also upon those points which might have been (even though not expressly) litigated. A. L. Kornman Co. v. Metropolitan Government, Etc., 391 S.W.2d 633 (1965). Generally, there must be mutuality, not only of the parties, but of the issues to invoke the doctrine of res judicata.

In the instant case, both the Arizona and Federal Rules of Civil Procedure, 13 (a), 16 A.R.S., U.S. and U.S.C.A. 28, provide that a counterclaim shall be compulsory when;

"* * * at the time of serving the pleading the pleader has [a claim] against the opposing party, if it arises out of the transaction or occurence that is the subject matter of the opposing party's claim * * *"

Di Orio, having been sued by Nicholson as a result of the automobile-motorcycle accident, had a duty under Rule 13(a) to assert any counterclaim he might have against Nicholson in the action pending in the District Court. Having failed to do so, he may not bring a suit against Nicholson for Nicholson's negligence, and if he would do so, the doctrine of res judicata could be invoked as a bar against said action.

Di Orio chose instead to bring suit against the employer of Nicholson under the doctrine of respondeat superior based upon the negligence of Nicholson. The City of Scottsdale was not a party to the Nicholson action. There is respectable authority to the effect that the City of Scottsdale being the employer of Nicholson, the doctrine of res judicata would be available to the City in a suit by Di Orio against the City of Scottsdale because of privity. The majority, and we feel better view, applies the doctrine of collateral estoppel (also called estoppel by judgment or estoppel by verdict) instead of res judicata. As has been stated:

"The basic distinction between the doctrines of res judicata and collateral estoppel, as those terms are used in this case, has frequently been emphasized. Thus, under the doctrine of res judicata, a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, such a judgment precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit." Lawlor v. National Screen Service Company, 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955).

Generally, the doctrine of res judicata is available in the second action as between the parties in the first action. The doctrine of collateral estoppel is usually raised in the second action by a party not involved in the first action and is raised against a party who was part of the first action. It is not necessarily available to all of the parties in the second action. In the instant case, for example, it could be contended that the City of Scottsdale could bring suit against Di Orio for property damages resulting from the accident and Di Orio would not have the benefit of res judicata or collateral estoppel as a bar to the City of Scottsdale's suit. Without specifically ruling on this point, we can state the reverse is not true. The City of Scottsdale may invoke the doctrine of collateral estoppel against Di Orio based upon a determination of the law suit between Nicholson, the City of Scottsdale's servant or employee and Di Orio:

"It is contended that estoppel by verdict is not applicable unless the adversary of the party against whom the doctrine is invoked appears in the same capacity in both actions. This is not the law of Minnesota. What we have held (citations omitted) is that the doctrine may not be invoked against a party to the subsequent action who appears in a different capacity from the losing party in the initial litigation. This fundamental distinction is required by due process which prevents the result of a prior suit from binding adversely a litigant who was a stranger to it and had no opportunity to be heard. But our court and other jurisdictions do not require that in a second action one who invokes the doctrine of estoppel

in his own favor against an adversary who appeared in identical capacities in both suits must also have been a party to the first action. (Citations omitted.) We squarely held that estoppel by prior verdict was available in favor not only of a party who appeared in a different capacity but also of one who was a complete stranger to the prior litigation." Lustik v. Rankila, 269 Minn. 515, 131 N.W.2d 741, 744 (1964). But see the dissenting opinion at 131 N.W.2d 747.

 It is Di Orio's contention, in what he very candidly admits to be a novel proposition of law, that the constitutional provision in the State of Arizona requiring that contributory negligence be a question for the jury, allows him to maintain the second action against the City of Scottsdale. It is Di Orio's contention that even though he could not now bring a new suit against Nicholson, that he can maintain this action against the City of Scottsdale, and that the jury under the Arizona decision of Wolfswinkel v. Southern Pacific Company, 81 Ariz. 302, 305 P.2d 447 (1956), (and Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 [1962]), could conceivably fail to apply the doctrine of contributory negligence in the Nicholson case as applied to Nicholson, and also fail to apply the doctrine of contributory negligence as it might apply to Di Orio in the second case, and therefore find Nicholson was negligent and Di Orio not. With this we cannot agree. Where the liability of a master or principal is entirely vicarious and rests alone upon the conduct of the servant or agent who has been exonerated from negligence by a court of competent jurisdiction in which action the present plaintiff (Di Orio) was a party, the doctrine of collateral estoppel will apply. Henley v. Panhandle Eastern Pipeline Co., D.C., 138 F.Supp. 768 (1956). See also 133 A.L.R. 181.

It is generally accepted that a party who has had one fair and full opportunity to prove a claim in a court of competent jurisdiction and has failed to do so, should not be permitted to go to trial on the merits of that claim a second time. Both orderliness and reasonable time saving of judicial administration require that this be so unless there is some overriding consideration of fairness to a litigant, which the circumstances of the particular case would dictate. The finding of Di Orio's negligence in the District Court came after a full opportunity on the part of Di Orio to show the very matter which he now urges in the suit against the City of Scottsdale. We find no unfairness in applying the doctrine of collateral estoppel as a bar to Di Orio's action against the City of Scottsdale.

Judgment affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.