485 P.2d 292

**Laura Teresé BACKORA, aka Laura Teresé Balkin, by and through her guardian ad litem, Mary Ann E. Backora, Appellant,**

v.

**Charles J. BALKIN, III, Appellee.**

**No. I CA–CIV 1489.**

Court of Appeals of Arizona,
Division 2,
Department A.

May 25, 1971.

Rehearing Denied June 14, 1971.
Review Denied July 13, 1971.

**570**

Otto H. Linsenmeyer and Frank E. Dickey, Jr., Phoenix, by Frank F. Dickey, Jr., Phoenix, for appellant.

H. M. Bohlman, Tempe, for appellee.

STEVENS, Presiding Judge.

The plaintiff was less than two years old at the time she, by and through her guardian ad litem, commenced this action to establish her identity and to fix her birthright and parentage under the provisions of A.R.S. § 12–621. Charles J. Balkin, III, was named as the defendant.

The defendant is a resident of the State of Illinois and personal service was obtained by delivering a copy of the summons and complaint and of the petition and order for service to his mother who resided with him at his Illinois address. The defendant appeared through his attorney and entered a motion to dismiss the action based upon the Arizona Rules of Civil Procedure, 16 A.R.S., 12(b) (2), lack of jurisdiction over the person, 12(b) (6), failure to state a claim upon which relief can be granted, and 12(b) (7) failure to join an indispensable party. The trial court granted the defendant's motion to dismiss, denied plaintiff's motion to amend her complaint and dismissed the plaintiff's complaint with prejudice. In its order the trial court did not state the grounds for its order. The plaintiff appealed from that order.

■ By his motion under Rule 12(b) (2) the defendant contested the jurisdiction of the trial court over his person. The defendant's position is that an action under A.R.S. § 12–621 is an action *in personam* and service must be made accordingly. In re Hindi, 71 Ariz. 17, 222 P.2d 991 (1950). We believe that the trial court assumed personal jurisdiction over the defendant in this matter. The assumption of jurisdiction was necessary or the trial court would have been without authority to enter its order dismissing the plaintiff's complaint with prejudice.

The defendant urges that under the case of In re Hindi a judgment which acts *in personam* may not be rendered against the defendant unless he has either been served personally with process within the territorial jurisdiction of the court, or has voluntarily entered an appearance in such court. The case of In re Hindi was de-

cided prior to the adoption of Rules 4(e) (1) and 4(e) (2), Arizona Rules of Civil Procedure, 16 A.R.S., in 1961.

The defendant, a non-resident, is one of those persons enumerated in Rule 4(e) (1) who may be served with process in the manner prescribed in Rule 4(e) (2). Rule 4(e) (2) permits the courts of Arizona to acquire personal jurisdiction over a person who "has caused an event to occur in this state out of which the claim which is the subject of the complaint arose." The plaintiff alleged that all of the events which gave rise to her existence took place in Arizona. This was not denied by the defendant. It is our opinion that the trial court properly assumed personal jurisdiction over the defendant.

The Rule 12(b) (7) motion to dismiss for failure to join an indispensable party was based on A.R.S. § 14–845 which, the defendant contends, requires that the mother of the child be appointed its guardian if she is competent. In our opinion this section of the Arizona statutes protects the rights of the natural parents of the child against others who attempt to interpose themselves between the natural parents of the child and the child. The rights which the natural parents have under A.R.S. § 14–845 may be waived by them. The natural mother of the plaintiff filed a "Consent Appointing Guardian Ad Litem," consenting to the appointment of the plaintiff's grandmother to act as guardian ad litem in this matter. This was a valid waiver of her rights by the natural mother. She is not an indispensable party to this action.

The defendant grounded his motion to dismiss under Rule 12(b) (6) on a settlement and compromise that was entered into between himself and the mother of the plaintiff and approved by the Board of Supervisors of Maricopa County under the provisions of A.R.S. § 12–851.[1] The settlement and compromise arose out of an earlier action in which the mother was the complaining witness and the State was the plaintiff. That action was a paternity proceeding brought under the provisions of A.R.S. § 12–841 et seq. It is the defendant's contention that the settlement and compromise and the order dismissing that action is *res judicata* as to the issue raised in the plaintiff's action to establish identity.

In our opinion the settlement and compromise agreement between the defendant and the mother of the child, prior to judgment, and approved by the Board of Supervisors under the provisions of A.R.S. § 12–851, is not a bar to an action by the child or her guardian or next friend under the provisions of A.R.S. § 12–621 to establish her identity. See Di Orio v. City of Scottsdale, 2 Ariz.App. 329, 408 P.2d 849 (1965). In the Di Orio case this Court quoted with approval:

"'* * * under the doctrine of res judicata, a judgment "on the merits" in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, such a judgment precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit.' Lawlor v. National Screen Service Company, 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955)." 2 Ariz. App. at 331, 408 P.2d at 851.

It has not been controverted that an order dismissing the paternity proceeding, incorporating the terms of the compromise and settlement agreement, was entered by the Superior Court. However, the terms of the settlement and compromise expressly reserved the issue of parentage of

---

1. A.R.S. §§ 12–621 and 12–622 constitute the article entitled "establishing identity." A.R.S. § 12–631 is the only section in the article entitled "establishing parentage." The article entitled "paternity proceedings" contains A.R.S. § 12–841 to § 12–851.

the plaintiff. We quote the following from that agreement:

"5. It is mutually agreed and understood between the Complainant and Defendant that CHARLES J. BALKIN III does not, either expressly or impliedly, admit or concede that he is the father of the child born to MARIANNE T. BACKORA and that MARIANNE T. BACKORA alleges and continues to allege that CHARLES J. BALKIN III is the father of the said LAURA TERESE BACKORA born November 16, 1967. * * *."

We further note that under the provisions of A.R.S. § 12–851 the Board of Supervisors is limited to making a compromise and settlement relative to the support of the child.

"§ 12–851. Settlement by board of supervisors with putative father

The board of supervisors either before or after judgment may make such compromise and settlement with the putative father of a child born out of wedlock *relative to its support* as the board deems equitable and just, and thereupon may discharge him from *all liability for support* of the child." (Emphasis supplied.)

An order of dismissal in the paternity action, based upon a settlement and compromise agreement made prior to judgment under the provisions of A.R.S. § 12–851, could have no dispositive effect as to the issue of the identity, birthright, or parentage of the child.

■ The Legislature has granted to a person the right to establish his identity, birthright or parentage. A.R.S. § 12–621 provides:

"Procedure to establish identity of persons

A. When a person desires to establish his identity or fix his birthright and parentage, or both, he may file in the superior court of the county where his residence is maintained, an application setting forth his reasons for desiring to establish his identity, birthright or parentage. The court may, after hearing the application, enter judgment establishing identity or birthright and parentage, or both, of such person.

B. The guardian or next friend of a minor may file such application in the county where the minor's residence is maintained, or if the minor is sixteen or more years of age he may file the application and the court may hear the application and enter judgment thereon as provided for other persons."

In our opinion the purpose of an action under this section is to establish legally who the father of the person is. We need not speculate as to whether there may be additional rights once identity is established or what those rights may be. Our interpretation of this section is similar to that placed on § 274, Revised Code of 1928, now A.R.S. § 12–631, by our Supreme Court in Hazelett v. State, 55 Ariz. 141, 99 P.2d 101 (1940). We believe our holding to be consistent with the holding of In re Hindi. A.R.S. § 14–206 relates to at least a portion of a child's rights once identity has been established.

In considering a motion to dismiss for failure to state a claim upon which relief could be granted under Rule 12(b) (6) the Court must accept the well-pleaded facts as true, Kalmanoff v. Weitz, 8 Ariz.App. 171, 444 P.2d 728 (1968), and a motion to dismiss should not be granted unless it appears certain that the plaintiff would be entitled to no relief under any possible theory. Marston v. Denton, 60 Ariz. 178, 134 P.2d 158 (1943). We hold that the plaintiff stated a claim upon which relief could be granted under A.R.S. § 12–621. We express no opinion as to whether the child could enforce her right to support and education under A.R.S. § 14–206, upon establishing her identity, after the settlement and compromise agreement was entered into between the mother, the putative father and the Board of Supervisors under the provisions of A.R.S. § 12–851.

This cause is reversed and the mandate shall constitute an order to the trial court to vacate its order dismissing the plaintiff's complaint.

CASE and DONOFRIO, JJ., concur.