505 P.2d 1377

**SPUR FEEDING CO., an Arizona corporation, et al., Petitioners,**

v.

**SUPERIOR COURT OF MARICOPA COUNTY, Arizona, et al., Respondents.**

No. 11062.

Supreme Court of Arizona,
In Banc.
Feb. 13, 1973.

Rehearing Denied March 13, 1973.

Jennings, Strouss & Salmon, by Jon L. Kyl, Phoenix, for petitioners.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Jeffrey B. Smith, Phoenix, for respondents.

CAMERON, Vice Chief Justice.

This is a special action from a judgment of the Superior Court of Maricopa County granting a motion to dismiss the third party complaint of the defendant, Spur Feeding Company, predecessor of Spur Industries, Inc., against the respondent, Del E. Webb Development Company.

We are asked to determine whether a previous decision of this court between the defendant Spur and the third party defendant, Del Webb, is res judicata as to the parties and the facts in this case.

The facts necessary for determination of this matter on appeal are as follows. On 17 March 1972, this court rendered its decision in the matter of Spur Industries, Inc. v. Del E. Webb Development Company, 108 Ariz. 178, 494 P.2d 700 (1972), rehearing denied 1972. For a more complete factual background the reader is directed to that opinion.

In that opinion we stated that the central question before the court was: "[M]ay the developer of a completely new town or urban area in a previously agricultural area be required to indemnify the operator of the feedlot who must move or cease operations because of the presence of the residential

area created by the developer?" We then went on to state:

"* * * Spur is required to move not because of any wrongdoing on the part of Spur, but because of a proper and legitimate regard of the courts for the rights and interests of the public.

"Del Webb, on the other hand, is entitled to the relief prayed for (a permanent injunction), not because Webb is blameless, but because of the damage to the people who have been encouraged to purchase homes in Sun City. It does not equitably or legally follow, however, that Webb, being entitled to the injunction, is then free of any liability to Spur if Webb has in fact been the cause of the damage Spur has sustained. It does not seem harsh to require a developer, who has taken advantage of the lesser land values in a rural area as well as the availability of large tracts of land on which to build and develop a new town or city in the area, to indemnify "those who are forced to leave as a result.

"Having brought people to the nuisance to the foreseeable detriment of Spur, Webb must indemnify Spur for a reasonable amount of the cost of moving or shutting down. * * *" Spur Industries, Inc. v. Del E. Webb Development Company, supra, 108 Ariz. at 186, 494 P.2d at 708.

Pending at the time of the above action was the suit in the instant case, Andras, et al. v. Spur Feeding, et al., which was a suit by numerous property owners in the Sun City area seeking damages from Spur as the result of the cattle feeding operation. After the opinion was rendered in this court in Spur v. Webb, supra, Spur filed a third party complaint against Del E. Webb Development Company to obtain indemnity from Webb for damages for which Spur might be held liable to the over 400 plaintiffs. Upon motion of Webb, the third party complaint was dismissed with prejudice by the court with a finding that there was no just reason for delay. Rule 54(b),

Rules of Civil Procedure, 16 A.R.S. We granted the petition for special action as we believed there was no adequate or speedy remedy by way of appeal.

The respondent Webb contended in the trial court and contends here that the previous opinion of the court in Spur v. Webb, supra, is res judicata as to the facts in this case and that this court's previous decision resolved against Spur "the issues which Spur has attempted to reassert by way of its third party complaint." We disagree.

Our Court of Appeals has stated:

"* * * Under the doctrine of res judicata an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction is conclusive as to every point which could have been raised by the record, and decided with respect to the parties thereto. Day v. Wiswall's Estate, 93 Ariz. 400, 381 P.2d 217 (1963). The doctrine of res judicata binds the same parties standing in the same capacity in the subsequent litigation on the same cause of action, not only upon the facts actually litigated, but also upon those points which might have been (even though not expressly) litigated. A. L. Kornman Co. v. Metropolitan Government, etc., 216 Tenn. 205, 391 S.W.2d 633 (1965). Generally, there must be mutuality, not only of the parties, but of the issues to invoke the doctrine of res judicata." Di Orio v. City of Scottsdale, 2 Ariz.App. 329, 330, 408 P.2d 849, 850 (1965).

A reading of the opinion in Spur v. Webb, supra, leads us to the inescapable opinion that it is not res judicata as to the parties before the court in the instant case.

The previous opinion of this court in Spur v. Webb, supra, concerned itself with two parties and only two questions:

1. whether Spur's operation should be enjoined, and,

2. if so, who was going to pay for the cost of closing or moving.

In the present case before the court, we are concerned primarily with:

1. whether each of the over 400 plaintiffs have sustained any damages as a result of Spur's previous operation, and

2. if so, whether Webb's conduct as to each of the individual plaintiffs is such that Webb should be required to indemnify Spur as to any damages the court might find the plaintiffs are entitled to receive.

Not only are the parties different, but the facts of the case are different than those of the prior case of Spur v. Webb, supra. Defendant Spur is entitled to have litigated the conduct of Webb as to each of the plaintiffs and to have the question of indemnity litigated as to each of them.

The judgment of the trial court dismissing the motion of Spur to file a third party complaint should be set aside.

Judgment reversed.

HAYS, C. J., and STRUCKMEYER, and LOCKWOOD, JJ., concur.

HOLOHAN, Justice (dissenting).

The decision of the majority rests on the conclusion that the holding in Spur Industries Inc. v. Del E. Webb Development Co., 108 Ariz. 178, 494 P.2d 700 (1972), is not res judicata as to the issue presented by Spur in its third party claim against Webb for indemnity. While I am not in agreement with the majority's ruling on that issue, it is of lesser importance to a proper resolution of this matter.

The trial court granted the motion of Webb to dismiss the Third Party complaint of Spur because it failed to state a claim upon which relief could be granted. Judgment was entered for Webb, and Spur brought this special action. The parties argued the issue of res judicata to the trial court, and, even if the trial court rested its decision on that issue, we are not bound by its conclusions. If the judgment of the trial court was correct as a matter of law it will be sustained, and a wrong reason for a correct ruling is not grounds for reversal. Minderman v. Perry, 103 Ariz. 91, 437 P.2d 407 (1968); Wigley v. Whitten, 78 Ariz. 88, 276 P.2d 517 (1954).

The real issue is whether Spur has stated a claim for relief against Webb for indemnity. Spur seeks to be indemnified by Webb for the amount of damages which Spur may have to pay to some 400 plaintiffs in their action in Cause No. C–207025, Maricopa County Superior Court, against Spur for conducting a nuisance. The plaintiffs in the superior court action are residents of Sun City and property owners in the vicinity of Spur's cattle feedlot. Their claims are based on damages to each property owner by reason of the activity of Spur in its operation of a cattle feedlot in such a manner that it became a nuisance.

Spur claims that Webb is liable to it because Webb knew of the cattle feeding operation of Spur, but it continued to develop its property for sale of homes which in turn resulted in suits by the home buyers against Spur. The Third Party complaint alleges that Webb could have prevented harm to the home buyers if they had been warned of the existence of what Spur delicately refers to as "odors emanating from the animals and body wastes produced by such animals." Spur alleges that its activity is passive and secondary, and Webb is the primary and active actor in causing the damage to home buyers who should have been warned of the odors caused by Spur's activities.

Inviting though the argument of Spur may be, it overlooks the fact that Spur was a wrongdoer as to Webb as well as the new buyers. Webb has a right to develop its land; Spur has no right to commit a nuisance. If the home buyers have a claim against Webb it is separate and distinct from the claim that they have against Spur. Webb had a right to have the nuisance created by Spur abated.

The majority has quoted with approval from the first Spur case, 494 P.2d at 708, and this unfortunate language may serve to confuse the holding in that case. There is

no doubt that Spur is a wrongdoer. One who carries on a nuisance is such, and we have so held. Over thirty years ago this Court in City of Phoenix v. Johnson, 51 Ariz. 115 at 123, 75 P.2d 30 at 34 (1938), stated:

> "The term 'nuisance' signifies in law such a use of property or such a course of conduct, irrespective of actual trespass against others, or of malicious or actual criminal intent, which transgresses the just restrictions upon use or conduct which the proximity of other persons or property in civilized communities imposes upon what would otherwise be rightful freedom. It is a class of wrongs which arises from an unreasonable, unwarranted, or unlawful use by a person of his own property, working an obstruction or injury to the right of another, or to the public, and producing such material annoyance, inconvenience, and discomfort that the law will presume a resulting damage."

The statutes of this state provide that maintenance of a public nuisance is a crime, A.R.S. § 13–601 and § 13–602. The public health code § 36–601 et seq., provides that local health units should abate nuisances which are a source of filth or a cause of sickness. With such statement of policy in our statutes and in our case law, it is difficult for me to look upon Spur as anything but a wrongdoer whose course of conduct does not deserve sympathy from this Court.

Spur so conducted its activities that it increased the magnitude of offensive odors being sent beyond its land until the situation reached the state of affairs presented at the trial in the first Spur case. Spur had no right to restrict its neighbors from developing their land. Spur was a wrongdoer, and each year it magnified its wrong. Despite this condition, the Court decided in the first Spur case that Webb should pay to close down a nuisance and move it. Today the Court apparently holds that Webb must indemnify the wrongdoer for any damages caused to property owners by the operation of the nuisance.

If these Spur cases are adhered to by this Court in the future, every operator of a nuisance which sends smoke, fumes, dust, stench, etc. onto his neighbors may be guaranteed economic protection should anyone be annoyed or harassed enough to try and stop the wrongful activity by court action. Such a result should not be allowed under the law of this state.