708 P.2d 1341

**In the Matter of the ESTATE OF James W. HARRIS.**

**Lorraine HARRIS, Petitioner/Appellant,**

**v.**

**George Haskel CURTIS, personal representative of the estate of James W. Harris, Respondent/Appellee.**

**No. 2 CA–CIV 5428.**

Court of Appeals of Arizona, Division 2, Department A.

Oct. 31, 1985.

Robert S. Wolkin, Tucson, for petitioner/appellant.

Curtis & Cunningham by George Haskel Curtis, Tucson, for respondent/appellee.

## OPINION

FERNANDEZ, Judge.

This is an appeal from an order denying appellant's claim in the intestate proceedings of her ex-husband's estate. Since the issue is one that was raised in the prior dissolution proceedings, we find it is barred by the doctrine of collateral estoppel and affirm.

Appellant Lorraine Harris and decedent James Harris were married in 1952 and had six children. In 1979 they separated and signed a property settlement agreement which was prepared by an attorney. Pursuant to a decree of legal separation entered August 31, 1979, the agreement was approved, found to be fair, equitable and just, and was incorporated and merged into the decree.

One of the provisions of the property agreement, and the source of the present dispute, is paragraph 4(i) which states as follows:

"[T]he parties agree that husband does hereby convey and transfer to wife ... all of husband's right, title and interest in thirty-nine and four tenths (39.40%) per cent of husband's future military retirement benefits.... The parties further agree that the payment to wife of the foregoing 39.4% of husband's monthly military retirement benefits based on retirement pay at date of entry of Decree of Legal Separation in any month in which such benefits are payable, shall be deemed a credit upon and payment in lieu of (to the extent of said payment) husband's obligation for child support and spousal maintenance for the month in which such benefits are payable pursuant to paragraphs 5(b) and (6) of the Separation and Property Settlement Agreement. In no event, during the time period military retirement benefits are being paid to husband shall monthly payments made by husband to wife be less than a sum equal to 39.4% of husband's military retirement benefits for the applicable month. Both parties understand that the Superior Court retains a continuing jurisdiction to modify where appropriate the amount of spousal maintenance and child support payments, but may not modify dispositions made of property."

Paragraph 5(b) provided that James would pay $300.00 per month child support, and paragraph 6 provided he would pay $125.00 per month for spousal maintenance.

In February 1981 Lorraine filed a petition for dissolution. In addition to the usual allegations, the petition alleged the property settlement agreement and the separation decree in which it was merged were void because the agreement provided community property would be used to offset child support and spousal maintenance obligations. It also alleged Lorraine was then receiving a portion of the retirement pension and that James was in arrears on the child support and spousal maintenance obligations.

The minute entry of July 22, 1981, indicates a court trial was held on the dissolution petition. The entry states the issues before the court were child support and spousal maintenance and indicates the

court granted child support of $200.00 per month and spousal maintenance of $600.00 per month. The minute entry also cryptically states: "The court states that the source to obtain 39.4%, for the petitioner, from the respondent's government allotment check be left up to the attorneys." There was no meaningful explanation of this paragraph in the present proceeding. Finally, the minute entry orders "[t]he present order of August 6, 1979, [to] continue in effect." August 6, 1979, was the date the property settlement agreement was entered into. The decree of dissolution, entered July 30, 1981, simply states "[t]hat the prior Order with respect to property will continue in effect."

James died on October 18, 1983, and Lorraine filed a claim against the estate for at least $22,254.89 which she contended was the amount she should have been paid as her 39.4% share of James' monthly military pension.[1] She contends she never received any of her share of the pension because it was used to credit the support obligations. At the hearing on her petition for allowance of claim, the parties indicated she had filed the claim because the estate was demanding she pay the $7,000 mortgage James had held on the family residence which had been awarded to Lorraine. The property settlement agreement had provided it was to be paid within 90 days after the youngest child reached 18. Apparently that event occurred the year James died. The parties stipulated at the hearing that if the claim were allowed it would be deemed to be in the amount of $7,000 so as to satisfy the mortgage. They also stipulated that there were no arrearages in support or maintenance at the time of his death and that the amount of awarded support and maintenance was always larger than Lorraine's share of the military pension.

Appellant contends the trial court erred in failing to provide for her vested property interest in James' military retirement benefits. She has cited the history and background of military pensions, including *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) and the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408 (1983 & Supp. II 1985). That history, however, is irrelevant to the question here. No one disputes the fact that Lorraine was entitled to a share of James' retirement benefits at the time the property settlement agreement was entered into and, in fact, she was awarded a share of them in the agreement. Appellant seeks to overlook the fact that she voluntarily entered into an agreement which provided that payment of her share of the military pension benefits would be deemed a credit upon James' child support and spousal maintenance obligations. The court found that the property settlement agreement was not unfair pursuant to A.R.S. § 25–317(D) when it incorporated the agreement into the Decree of Legal Separation entered August 31, 1979.

Appellant notes that the issue of whether the community property interest could properly be used to offset the support and maintenance obligations was raised in the subsequent petition for dissolution. Despite the fact that the issue was raised, it apparently was not adjudicated, and the dissolution decree stated the prior order with respect to property would continue.

Appellant contends the "except" clause of A.R.S. § 25–325(B) supports her claim. That section states, in part, as follows:

"The court may enter a decree of dissolution of marriage … upon such terms as are just and without regard to § 25–327, subsection A, except that the provisions as to property disposition in the decree of legal separation or any property settlement agreement approved by the court may not be revoked or modified, unless the court finds the existence of condi-

---

1. Appellant has raised no issue on the right to post-death benefits; hence, neither the trial

court nor this court has considered the matter.

tions that justify the reopening of a judgment under the laws of this state."

The laws of this state provide that a motion for relief from a final judgment pursuant to Rule 60(c), Rules of Civil Procedure, 16 A.R.S., must be brought within six months after entry of judgment if the basis for it is mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud. The motion must be filed within a reasonable time if it is brought on other grounds. This action would not be timely under Rule 60(c) even if it had been brought in the dissolution proceeding.

The only basis asserted by appellant for reopening the judgment is a claim that the waiver of her right to James' military pension was only temporary and "was rendered ineffective" when the dissolution decree was entered. There is no merit to this assertion. The agreement did not state the "in lieu" clause applied only so long as the support and maintenance obligations remained the same. The fact that those obligations were increased by subsequent court orders does not affect her agreement to apply her pension share to the support and maintenance obligations, especially in light of the fact the agreement expressly stated the parties were aware the support and maintenance obligations were subject to alteration.

No appeal was taken from the dissolution decree, and there is no basis for a collateral attack upon it now. This proceeding is simply an attempt to relitigate an issue that was raised in the dissolution proceeding. Despite the fact that it was not pursued in that proceeding, the final judgment there bars appellant's attempt to raise it in this proceeding against James' personal representative. *Di Orio v. City of Scottsdale*, 2 Ariz.App. 329, 408 P.2d 849 (1965).

The denial of Lorraine's petition for allowance of claim is affirmed.

HOWARD and LACAGNINA, JJ., concur.