529 P.2d 234

**Gerard BEBEAU, Jr., Appellant,**

v.

**Colleen M. BERGER, Appellee.**

**No. 2 CA–CIV 1625.**

Court of Appeals of Arizona,
Division 2.

Dec. 19, 1974.

As Corrected Jan. 10, 1975.

Rehearing Denied Jan. 21, 1975.

Paul W. Mercer, Phoenix, for appellant.

Robert R. Bean, Pinal County Atty. by Roy A. Mendoza, Deputy County Atty., Florence, for appellee.

## OPINION

KRUCKER, Judge.

A superior court order in reciprocal proceedings requiring appellant to pay the sum of $25 per month as support for a minor child in Wisconsin is the subject of this appeal.

Appellee, mother of a child born out of wedlock, instituted reciprocal proceedings

in Wisconsin alleging that appellant owed a duty to support the minor child. She based this duty of support on a Door County, Wisconsin, judgment entered November 28, 1972, which decreed that appellant was the father of a child born to the appellee out of wedlock in Sturgeon Bay, Wisconsin, on June 17, 1971. The judgment further decreed that appellant was obligated for the lying-in expenses and owed an obligation and duty of support for the maintenance of the said minor child. The judgment recited that appellant had been "properly served with a copy of the Summons and Complaint pursuant to the laws of the State of Wisconsin", that the time to answer and otherwise plead had passed and that appellant had neither answered nor made an appearance. Further, that appellee had testified in her own behalf.

The Wisconsin court expressly found that on or about October 1, 1970, in the County of Door, Wisconsin, appellant had had sexual intercourse with appellee and that appellee did not have sexual intercourse with any other man at or about this period of time; that as a result of said act of intercourse appellee did conceive a child out of wedlock on June 17, 1971 in Door County, Wisconsin, that appellee alleged that appellant was the father of this child and that appellee's allegations were proven and true.

The basis for appellant's challenge to the subject support order is that the superior court should not have given full faith and credit to the Wisconsin judgment for the reason that the judgment was void. He does not dispute the fact that he was personally served with the paternity complaint and summons in Arizona and that he did not appear or otherwise defend the paternity suit.

■ A judgment of a court of general jurisdiction of a sister state duly authenticated is *prima facie* evidence of the court's jurisdiction to render it and of the right which it purports to adjudicate. Coffee v. National Equipment Rental, Ltd., 9 Ariz. App. 249, 451 P.2d 329 (1969). However, as pointed out in *Coffee,* supra, a foreign judgment may be attacked on the grounds of lack of jurisdiction over the person or the subject matter, lack of due process, incompetency of a foreign court, extrinsic fraud, and if the judgment is invalid or unenforceable.

■ Appellant's position is that utilization of the Wisconsin long-arm statute did not confer jurisdiction on the Wisconsin court to enter an *in personam* judgment against him. Therefore, he contends the judgment was a nullity and subject to collateral attack.

Just as our Rule 4(e)(2), Rules of Civil Procedure, 16 A.R.S., permits the courts of Arizona to acquire personal jurisdiction over a person who has caused an event to occur in this State out of which the claim arose, albeit such person is a non-resident, Wisconsin has a like statutory provision. Wisconsin Statutes Ann. 262.05(3).

In the Wisconsin paternity proceedings, the court found that the act of sexual intercourse occurred in Wisconsin, that the minor child was conceived in Wisconsin and the child's birth occurred in Wisconsin. Adjudication of the paternity issue is conclusive between the parties, hence *res judicata.* Cf., Edwards v. Van Voorhis, 11 Ariz.App. 216, 463 P.2d 111 (1970). Apellant had the required "minimum contact" with Wisconsin since he did an act in Wisconsin out of which the cause of action arose. The Wisconsin court, in finding that appellant was properly served, apparently concluded that assumption of jurisdiction was consonant with due process tenets of fair play and substantial justice. We are of the opinion that assumption of personal jurisdiction over appellant was proper under the circumstances. *See,*

**524**

Backora v. Balkin, 14 Ariz.App. 569, 485 P.2d 292 (1971).

Since the Wisconsin judgment was conclusive on the paternity issue and was evidence of appellant's duty of support, A.R.S. § 12–1672, as amended, we find no error in the proceedings below.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.