575 P.2d 345

Paul E. JONES, Appellant,

v.

John J. ROACH, dba Jayart Studio, Appellee.

No. 1 CA–CIV 3195.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 20, 1977.

Rehearing Denied Jan. 27, 1978.

Review Denied Feb. 15, 1978.

Cavness & DeRose by Marc C. Cavness, Phoenix, for appellant.

Duecy, Moore, Petsch, Robinson & Bennett by John C. Hover, Scottsdale, for appellee.

## OPINION

JACOBSON, Judge.

The sole issue raised by this appeal is whether A.R.S. § 12–1702 of the Uniform

Enforcement of Foreign Judgments Act allows the courts of Arizona to hear and determine motions under Rule 60(c), Arizona Rules of Civil Procedure, as to judgments rendered in a sister state.

The facts in this case are not in material dispute. Appellee-plaintiff, John J. Roach, instituted an action in the District Court of Jefferson County, Colorado, seeking payment for certain services allegedly rendered to appellant-defendant, Paul E. Jones; El Tigre Royale, a limited and general partnership; Mountain Royale Limited, a Colorado corporation; and Gerald M. Bailey. Service of the complaint and summons was properly made upon all the defendants in Colorado and an answer was filed on behalf of all of the defendants by counsel employed by Bailey with Jones' consent.

Apparently after filing of the answer, Colorado defense counsel concluded that a possible conflict of interest existed between Bailey and Jones and that they therefore intended to withdraw from representation of all defendants in the Colorado litigation. This intent was conveyed to Jones, who at that time resided in Phoenix, Arizona. Jones contacted counsel in Phoenix and after discussions with the Colorado counsel and Bailey, Jones determined not to hire new Colorado counsel, apparently on the assurance that Bailey would employ new counsel to represent all the Colorado defendants. Jones was informed, however, of the pending trial date and that existing counsel would not be present.

Apparently, Bailey did not employ new counsel in Colorado and after withdrawal of prior counsel, the matter proceeded to trial in Colorado without any appearance by any of the defendants. The Colorado court heard evidence, made findings of fact and conclusions of law and entered judgment in favor of Roach and against all the defendants, jointly and severally for $12,283.69.

Former Colorado counsel informed Jones that judgment had been entered and urged the employment of Colorado counsel to protect his rights. Jones did not do so and failed to exercise any post judgment remedies that might be available to him in Colorado.

On July 16, 1974, the Colorado judgment was filed in Arizona for enforcement against Jones, pursuant to A.R.S. § 12–1701, et seq., the Uniform Enforcement of Foreign Judgments Act. Jones, in the Arizona action, filed a motion pursuant to Rule 60(c), Rules of Civil Procedure [1] (allowing relief from a judgment on the grounds of mistake, inadvertence, surprise or excusable neglect) seeking to prohibit enforcement of the Colorado judgment on the grounds that he relied on Bailey's representation that new Colorado counsel would be employed to defend him.

The Maricopa County Superior Court heard evidence on this motion and initially ordered that Jones' motion for relief from the Colorado judgment be granted. Roach filed a motion to reconsider, urging in essence that allowing Rule 60(c) relief in Ari-

1. Ariz.R.Civ.P. 60(c):

"Mistake; inadvertence; surprise; excusable neglect; newly discovered evidence; fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable

that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be filed within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment or order was entered or proceeding was taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant served by publication as provided by Rule 59(j) or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

zona on the Colorado judgment was in violation of Article IV, § 1 of the United States Constitution (the Full Faith and Credit clause) and 28 U.S.C. § 1738. The trial court reconsidered its prior ruling and held that the Colorado judgment was valid and enforceable in the state of Arizona. Jones has appealed.

Jones' basic contention is that A.R.S. § 12–1702 affords him relief by way of Rule 60(c), Rules of Civil Procedure, from the Colorado judgment. A.R.S. § 12–1702 provides:

"A copy of any foreign judgment authenticated in accordance with the act of congress or the statutes of this state may be filed in the office of the clerk of any superior court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the superior court of this state. *A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a superior court of this state* and may be enforced or satisfied in like manner." (emphasis added)

Based upon this statute, Jones' argument is twofold: (1) that the emphasized portion of A.R.S. § 12–1702 contemplates the relief granted by Rule 60(c), Rules of Civil Procedure; and (2) in any event, full faith and credit only requires that one state give the same effect to a sister state's judgment as the originating state itself would give and since Colorado has a comparable rule to Rule 60(c), full faith and credit are satisfied. We disagree with both contentions.

Turning to the contention that A.R.S. § 12–1702 by its literal language allows "foreign judgments" to be subject to Rule 60(c) motions, of necessity that statute must be read in connection with Article IV, Sec. 1 of the United States Constitution (the Full Faith and Credit clause). The Uniform Enforcement of Foreign Judgments Act itself makes this clear. Thus, A.R.S. § 12–1701 provides:

" 'Foreign judgment' means any judgment, decree or order of a court of the United States or any other court *which is entitled to full faith and credit in this state.*" (emphasis added)

The concept of full faith and credit was articulated in *Durfee v. Duke,* 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963):

"The constitutional command of full faith and credit, as implemented by Congress, requires that 'judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such state . . . from which they are taken.' Full faith and credit thus generally requires every State to give to a judgment at least the *res judicata* effect which the judgment would be accorded in the State which rendered it." *Id.* at 109, 84 S.Ct. at 244, 11 L.Ed.2d at 190.

However, there has grown up a body of case law which holds that this *res judicata* effect does not attach and a sister state need not give full faith and credit to another state's judgments if the rendering state lacked jurisdiction over the person or subject matter, the judgment was obtained through lack of due process, the foreign court was incompetent to render the judgment, the judgment was the result of extrinsic fraud or if the judgment was invalid or unenforceable. *Bebeau v. Berger,* 22 Ariz.App. 522, 529 P.2d 234 (1974); Restatement 2d. of Conflict of Laws, §§ 104 and 105.[2] Jones does not contend any of these "defenses" are applicable here.

Also inherent in any discussion of A.R.S. § 12–1702 is that it is only *final* judgments of a sister state that are entitled to full faith and credit. As stated in Restatement 2d. Conflict of Laws § 107:

"A judgment will not be recognized or enforced in other states insofar as it is not a final determination under the local law of the state of rendition."

**2.** Restatement 2d., Conflict of Laws, § 103 adds an additional "defense" and would not require full faith and credit to be extended "if such recognition or enforcement . . . would involve an improper interference with important interests of the sister state."

However, as Comment (e) to this section quickly points out:

"It is for the local law of the state of rendition to determine whether a judgment is final . . .."

Viewed in this light, the Uniform Enforcement of Foreign Judgments Act does not, in our opinion, create substantive rights not conferred by the Full Faith and Credit Clause of the United States Constitution, but is merely a uniform act by which procedurally those rights and defenses afforded under the Full Faith and Credit Clause may be enforced or imposed. As stated in the Commissioner's prefatory note to the Uniform Enforcement of Foreign Judgments Act, 13 Uniform Laws Annotated, 172:

"This 1964 revision of Uniform Enforcement of Foreign Judgments Act adopts the practice which, in substance, is used in Federal courts. It provides the enacting state with a speedy and economical method of doing that which it is required to do by the Constitution of the United States."

■ Thus, A.R.S. § 12–1702 merely provides that procedurally a foreign judgment is subject to the same procedures as a *final* judgment of this state. A.R.S. § 12–1702 lists these procedural effects:

■ 1. The foreign judgment has "the same effect" as a final judgment of this state. It may, for example, be a lien upon the real property of the judgment debtor.

2. The foreign judgment "is subject to the same procedures" as a final judgment of this state. For example, execution may issue on it to seek its satisfaction.

■ 3. The foreign judgment "is subject to the same . . . defenses" as a final judgment of this state. For example prior payment of the judgment or defenses running to execution such as execution on exempt property may be raised by the judgment debtor.

■ 4. The foreign judgment "is subject to the same . . . proceedings for reopening" as a final judgment of this state. For example, if the rendering state judgment is subject to the continuing modification jurisdiction of the rendering state such as awards of custody of children, alimony or child support payments, these types of judgments could be reopened and litigated in the sister state. In this regard, *see Hendrix v. Hendrix,* 160 Conn. 98, 273 A.2d 890 (1970).

■ 5. The foreign judgment "is subject to the same . . . proceedings for . . . vacating" as a final judgment of this state. For example, if the judgment is void for lack of subject matter or personal jurisdiction, that issue may be litigated. In this regard, *see Coffee v. Nat. Equipment Rental, Ltd.,* 9 Ariz.App. 249, 451 P.2d 329 (1969).

■ 6. The foreign judgment "is subject to the same . . . proceedings for . . . staying" as a final judgment of this state. In our opinion, this is merely the granting clause which allows the application of A.R.S. § 12–1704 (stay of enforcement of judgments).

■ In short, in our opinion, A.R.S. § 12–1702, does not authorize this state to entertain a Rule 60(c) motion to avoid the enforcement of a "foreign judgment" for to do so would not afford finality to the rendering state's judgment and thus be contrary to the Full Faith and Credit Clause of the United States Constitution.

■ Jones next argues that since Colorado has a rule similar to Rule 60(c), Rules of Civil Procedure, application of Arizona's Rule 60(c) would be giving the same effect to Colorado's judgment as Colorado itself would give and thus full faith and credit would be satisfied. The fallacy with this argument is that the existence of Colorado's Rule 60(c) does not effect the finality of the Colorado judgment any more than an appeal in Colorado of that judgment would. *See,* Rule 1(a)(1), Colorado Appellate Rules; *Levine v. Empire Sav. & Loan Ass'n,* 34 Colo.App. 235, 527 P.2d 910 (1974) aff'd, Colo., 536 P.2d 1134 (1975). As previously indicated, the finality of a rendering state's judgment must be determined under the local law of the state of rendition. Thus,

until proceedings are instituted in Colorado under its comparable Rule 60(c), Arizona must, as previously indicated, afford that judgment finality here.

For the foregoing reasons, the judgment of the trial court is affirmed.

WREN, P. J., and EUBANK, J., concur.