599 P.2d 772

**SPRINGFIELD CREDIT UNION,**
**Appellant,**

v.

**Robert JOHNSON and Diane Johnson,**
**his wife, Appellees.**

**No. 14162.**

Supreme Court of Arizona,
In Division.

July 17, 1979.

Rehearing Denied Sept. 6, 1979.

Rawlins, Ellis, Burrus & Kiewit by Chester J. Peterson, Phoenix, for appellant.

Fred J. Pain, Jr., Phoenix, for appellees.

STRUCKMEYER, Vice Chief Justice.

This appeal by the Springfield Credit Union is from a summary judgment entered in favor of appellees Robert and Diane Johnson, husband and wife. Jurisdiction was accepted pursuant to Rule 19(e), Arizona Rules of Civil Appellate Procedure, 17A A.R.S. Affirmed.

Appellant's principal place of business is Springfield, Massachusetts. On October 21, 1969, appellees obtained a home improvement loan from appellant in the amount of $3,921.00. In May, 1971, appellees were five months behind in their payments. Suit was brought for $2,977.00, the principal balance due on the note, and a writ of attachment issued which became a lien on appellees' home in West Springfield.

Robert Johnson had moved to Arizona in January, 1971. His wife and children joined him there in May. They sold their home in Massachusetts on June 4, 1971. From the proceeds of the sale, a check in the amount of $2,430.62 was delivered to appellant's attorney, Irving Goldblatt. Appellees assert that this was the total amount owed after deduction of future interest. Appellant's position is that it released its lien for a partial payment of $2,430.62 as an accommodation to appellees so that they could sell their house, but that it considered that appellees were liable for the balance on the face amount of the note.

Appellant filed a new suit on the note on July 21, 1971. Service of process was by leaving a copy of the complaint at appellees' former Massachusetts home which, as stated, had been sold a month and one-half before. The sale was known to appellant's attorney because he had received a check from the proceeds of sale. When appellees did not appear and answer the complaint, appellant entered a default judgment against them in the amount of $4,005.31.[1] On January 5, 1973, appellant filed the judgment with the Clerk of the Superior Court of Maricopa County, Arizona, pursuant to the Revised Uniform Enforcement of Foreign Judgments Act, A.R.S. § 12–1701, et seq. Appellees moved to stay enforce-

---

1. The total judgment was derived as follows: $2,977.00 ostensibly still due on the note, $847.66 in attorney's fees, $165.90 in interest, and $14.75 in court costs. In an affidavit filed October 18, 1977, Irving Goldblatt, attorney for appellant, said that he inadvertently failed to give credit for the $2,430.62 payment made on the note by appellees.

ment of the Massachusetts judgment. This motion was denied on March 2, 1973.

Eleven days later, appellees filed a second motion to stay the Massachusetts judgment and on the same day filed an independent action against appellant and Irving Goldblatt in Maricopa County Cause C 274616, alleging abuse of process, asking that the Massachusetts judgment be declared void, and for damages. Appellant's Arizona counsel filed a motion to quash the service of process, a motion to dismiss the complaint for want of jurisdiction and, without waiving these motions, answered the complaint[2] and counterclaimed for the sum of $1,574.69, the balance allegedly due on the note. On March 5, 1974, appellant's Arizona counsel withdrew as attorney for appellant and Goldblatt for the reason that they had failed to cooperate in discovery sought by appellees. Goldblatt successfully petitioned the court for a continuance from the original trial date of March 18, 1974, and the trial date was reset for October 28, 1974. Neither appellant nor Goldblatt appeared for trial, and a judgment was entered in appellees' favor against both. On the allegation of abuse of process, appellees were awarded $20,000.00 in compensatory damages and $20,000.00 in punitive damages. The Massachusetts judgment was declared void.

Nearly two years later, on October 19, 1976, appellant brought the present action, seeking to set aside the judgment in Cause C 274616 pursuant to Rule 60(c), Rules of Civil Procedure, 16 A.R.S. The court below granted appellees' motion for summary judgment from which the credit union brings this appeal.

Appellees' position is that appellant's suit to set aside the judgment in C 274616 was not brought within a "reasonable" time as required by Rule 60(c). That rule provides:

"The motion shall be filed within a reasonable time * * *."

Arizona's Rules of Civil Procedure were adopted from the Federal Civil Rules. Wright and Miller, in 11 Federal Practice and Procedure, § 2866, comment:

" 'What constitutes reasonable time must of necessity depend upon the facts in each individual case.' The courts consider whether the party opposing the motion has been prejudiced by the delay in seeking relief and they consider whether the moving party had some good reason for his failure to take appropriate action sooner." (Footnotes omitted.)

Appellant has advanced no sufficient reason for its failure to appeal the judgment in Cause C 274616 or for the two-year delay in filing its Rule 60(c) action. An affidavit by Lyndon H. Bolt, deputy clerk of the Superior Court of Maricopa County, states that the minute entry containing notice of the entry of judgment was mailed to appellant on October 30, 1974, and was not returned to the Clerk's Office. An affidavit of Donald G. Dick, manager of the Springfield Credit Union, states that it was not advised that Arizona counsel had withdrawn and that the only written notice in the Springfield Credit Union's file is a letter received from appellees' attorney in March, 1975, demanding payment of $40,000.00 pursuant to a judgment.

It is notable that appellant received the letter from appellees' attorney less than five months after the judgment against appellant was rendered in Arizona. No attempt was made by appellant to explain the subsequent delay of nearly a year and one-half. Since appellant had not offered any excuse for its long delay in attacking the judgment in Cause C 274616, we hold that the court below could have reasonably found that appellant's suit to vacate the judgment thereon was not timely. Accordingly, we do not find it necessary to reach the questions raised by appellant as to whether the judgment should be set aside because the trial should have been to a jury

---

**2.** In its answer, appellant stated that the Johnsons had paid $2,430.62 "on said judgment," leaving a balance due on the judgment of $1,574.69. This was patently false, since the check was given to Goldblatt over four months before the Massachusetts default judgment was entered against appellees.

**322**

and not to the court, whether there was sufficient evidence to support the award of compensatory and punitive damages and the claimed incompetence of appellant's Massachusetts counsel. These are not matters which affect the Superior Court's jurisdiction to enter the judgment.

■ The reasonable time requirement of Rule 60(c) does not apply, however, when a judgment is attacked as void. *International Glass & Mirror v. Banco Ganadero Y Agricola, S. A.*, 25 Ariz.App. 604, 545 P.2d 452 (1976).

In Cause C 274616, the court granted appellees' motion to strike appellant's pleadings because appellant had failed to respond to interrogatories, requests for admissions, and requests for production of documents. Appellant does not contend that the imposition of the sanction was error, but, rather, urges that after the court entered its order striking appellant's answer and counterclaim, it heard the matter as a default. That as a consequence, it is argued, the judgment is void because appellant did not receive the three-days notice of the application for default judgment required by Rule 55(b)(2), Rules of Civil Procedure, 16 A.R.S.

■ The record does not support appellant's position. Rule 55(a) does permit entry of default when a party "has failed to plead or otherwise defend as provided by these Rules * * *." Appellant did not fail to plead or otherwise defend. It filed a motion to dismiss and an answer. While Rule 37(b)(2)(C) authorizes the Superior Court to enter a default judgment against a party who fails to allow discovery,[3] no default was ordered.[4] The trial judge commenced the trial, heard evidence and decided, apparently on the evidence, that the

Massachusetts judgment was void and that there was an abuse of process. The judgment was clearly not a default within the meaning of Rule 55. It was a trial on the merits of appellees' complaint. The three-day provision had no application. *See Coulas v. Smith*, 96 Ariz. 325, 395 P.2d 527 (1964); *Gillette v. Lanier*, 2 Ariz.App. 66, 406 P.2d 416 (1965).

■ Appellant next contends that the judgment is void because the Superior Court did not have in personam jurisdiction. Appellant challenged the court's jurisdiction in personam in a motion to dismiss. The motion was denied. Appellant did not appeal from the judgment. The Superior Court's determination of jurisdiction is res judicata.

> "It must be noted * * * that a court has jurisdiction to determine its own jurisdiction. Thus if a defendant has challenged the court's jurisdiction over his person and this issue has been resolved against him by a final judgment, that judgment is not void, but is res judicata on the issue of jurisdiction." Wright and Miller, 11 Federal Practice and Procedure, § 2862. (Footnotes omitted.)

*See also Baldwin v. Iowa State Traveling Men's Association*, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931).

In Count Two of their complaint in Cause C 274616, appellees requested the Superior Court to vacate the Massachusetts judgment. Appellant argues that this was an improper collateral attack on an authenticated foreign judgment, and, therefore, the declaratory judgment in Cause C 274616 is void.

■ The Full Faith and Credit Clause of the United States Constitution (Art. IV,

---

**3.** "The Rule provides for 'an order striking out pleadings . . . *or* dismissing the action . . . *or* rendering judgment by default. . . .' While this is not to be read as exclusive, it seems fairly to contemplate that any of the orders may be entered without the necessity of entering the others." 4A Moore's Federal Practice, § 37.03, p. 37–72 n. 14 (2d ed.) (emphasis in original).

**4.** In *Tartaglia v. Del Papa*, 48 F.R.D. 292 (E.D. Penn.1969), the defendant-appellant sought to set aside a judgment pursuant to Rule 60 after it was entered when he failed to show up for trial. It was held that since the plaintiff did not make a motion for default judgment, and the court heard evidence before entering judgment, Rule 55(b)(2) had no application and three days notice was not required.

Sec. 1) requires that a judgment rendered in a state court be accorded the same validity and effect in every other court in the United States as it has in the state rendering it. See *Barber v. Barber*, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82 (1944).

> "A judgment of a court of general jurisdiction of a sister state duly authenticated is *prima facie* evidence of the court's jurisdiction to render it and of the right which it purports to adjudicate. *Coffee v. National Equipment Rental, Ltd.*, 9 Ariz.App. 249, 451 P.2d 329 (1969). However, as pointed out in *Coffee*, supra, a foreign judgment may be attacked on the grounds of lack of jurisdiction over the person or the subject matter, lack of due process, incompetency of a foreign court, extrinsic fraud, and if the judgment is invalid or unenforceable." *Bebeau v. Berger*, 22 Ariz.App. 522, 523, 529 P.2d 234, 235 (1974).[5]

■ In their complaint in the Superior Court, appellees alleged that the Massachusetts judgment was not entitled to full faith and credit because it was procured without due process of law in that the Massachusetts court never acquired in personam jurisdiction over them, and, hence, the judgment was void. A void judgment which has been rendered in this State is subject to direct attack under Rule 60(c), Rules of Civil Procedure. That rule provides that "the court may relieve a party * * * from a final judgment * * * for the following reasons: * * * (4) the judgment is void; * * *."

Foreign judgments are subject to the same procedures for vacating as are established for vacating a judgment of the Superior Court of this State. By A.R.S. § 12–1702, a part of the Revised Uniform Enforcement of Foreign Judgments Act, it is provided that a copy of a foreign judgment may be filed in the office of the clerk of any Superior Court of this State and:

> "[a] judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for re-

opening, vacating, or staying as a judgment of a superior court of this state * * * *."

Rule 60(c) permits a void judgment to be attacked in an independent action. It provides:

> "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant served by publication as provided by Rule 59(j) or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules *or by an independent action*." (Emphasis added.)

■ Appellant insists that the Superior Court in Cause C 274616 lacked jurisdiction to declare the Massachusetts judgment void because that action had not been consolidated with the action to collect the Massachusetts judgment and appellees' motion in the original action to stay the judgment was still pending when the Superior Court rendered its decision in Cause C 274616. But we think that since the Superior Court had jurisdiction of the subject matter, by Rule 60(c), it was empowered to render a judgment regarding the validity of the Massachusetts judgment. And since there had been no previous ruling on the merits determining the validity of the Massachusetts judgment, res judicata has no application.

■ Finally, appellant asserts that since there is a dispute as to whether the $2,430.62 payment by appellees discharged their obligation to the credit union, reversible error was committed when a summary judgment was entered in favor of appellees in the present action.

The question of whether appellees were still indebted to appellant was directly raised in Cause C 274616 and implicitly resolved against appellant when the court declared the Massachusetts judgment void.

> " * * * when the court has jurisdiction over the subject matter, a judgment

---

**5.** If an Arizona judgment is void for lack of jurisdiction, the court has no discretion, but

must vacate the judgment. *Preston v. Denkins*, 94 Ariz. 214, 382 P.2d 686 (1963).

**324**

is not only *res judicata* as to every issue decided, but it is also *res judicata* as to any issue raised by the record. [Citations omitted.] The fact that the issue may have been determined incorrectly does not affect the principle of *res judicata.* [Citations omitted.]" *Fraternal Order of Police v. Superior Court*, Ariz., 596 P.2d 701 (1979).

Even were the ruling erroneous, it cannot be attacked collaterally. Appellant's remedy was by appeal of the judgment in Cause C 274616. *See Fraternal Order of Police v. Superior Court*, supra.

Affirmed.

CAMERON, C. J., and HOLOHAN, J., concur.