616 P.2d 67

**FIREDOOR CORPORATION OF AMERICA, Plaintiff–Appellant,**

v.

**TIBSHRAENY BROTHERS CONSTRUCTION, INC., Defendant–Appellee.**

No. 1 CA–CIV 4351.

Court of Appeals of Arizona, Division 1, Department A.

May 15, 1980.

Rehearing Denied June 30, 1980.

Review Denied Sept. 4, 1980.

Dean J. Werner, Mesa, for plaintiff–appellant.

Burch & Cracchiolo, P. A. by Jack Daniel Klausner, Phoenix, for defendant–appellee.

## OPINION

FROEB, Presiding Judge.

In this case, we consider whether the principles of full faith and credit prevent an Arizona trial court from vacating the judgment of a New York court. The New York judgment was filed in Arizona by appellant Firedoor Corporation of Arizona (Firedoor) pursuant to A.R.S. § 12–1701, et seq. (The Uniform Enforcement of Foreign Judgments Act). Thereafter, a motion for relief from this judgment was brought under rule 60(c), 16 A.R.S. Rules of Civil Procedure, by appellee Tibshraeny Brothers Construction, Inc. (Tibshraeny). The trial court vacated the judgment and Firedoor appeals. The relevant facts are as follows:

In April of 1975, Tibshraeny was awarded a construction contract by Navajo County for a job known as the "Navajo County Governmental Complex." Firedoor, a manufacturer of hollow metal fireproof doors, contracted with Tibshraeny to furnish doors for the project. Early in 1976, a dispute arose between Firedoor and Tibshraeny concerning the doors and frames supplied by Firedoor. Tibshraeny contended they did not comply with specifications and refused to pay Firedoor the balance of approximately $7,000.00 owing on the subcontract. Firedoor then commenced an arbitration proceeding in New York which resulted in a default award to Firedoor for the unpaid balance on the contract, plus costs and interest. Pursuant to New York

procedure, Firedoor then moved for confirmation of the arbitration award in a New York trial court and obtained judgment for the amount awarded by the arbitrator. Tibshraeny did not appear or participate in either of these proceedings. Firedoor thereafter filed the New York judgment in the Maricopa County Superior Court in accordance with A.R.S. § 12–1701, et seq.

In the summary judgment proceedings in the Arizona superior court, Tibshraeny argued that the New York judgment against it was void for lack of personal jurisdiction. Firedoor contended that personal jurisdiction was acquired by the New York court by reason of a claimed arbitration agreement. Firedoor argued that the contract with Tibshraeny contained an agreement for arbitration of disputes in accordance with the rules of the American Arbitration Association; that the rules of the American Arbitration Association provide a means of determining the locale or venue for the arbitration proceeding and that the locale was correctly placed in New York in accordance with those rules; that as a consequence, Tibshraeny was subjected to personal jurisdiction before the arbitrator; that the resulting award was correctly confirmed in the New York court in accordance with New York law relating to the subject; and that as a consequence, the New York court had personal jurisdiction over Tibshraeny and the resulting judgment was a valid *in personam* judgment against it.

Responding, Tibshraeny argued that the contract with Firedoor did not provide for arbitration and, therefore, there was no basis for personal jurisdiction of the New York court over it.

Inherent in the order of the Arizona superior court vacating the judgment is a determination that the contract between Tibshraeny and Firedoor did not contain an agreement to arbitrate. Firedoor does not, on appeal, raise an issue as to the correctness of that determination.

Firedoor's first argument is a generalized contention that a rule 60(c) motion for relief from a foreign judgment filed

under the Uniform Enforcement of Foreign Judgments Act violates the principle of full faith and credit mandated by the United States Constitution. There is no merit to this argument. *Gil K. Phares, Trustee v. Nutter*, 125 Ariz. 291, 609 P.2d 561 (1980); *Springfield Credit Union v. Johnson*, 123 Ariz. 319, 599 P.2d 772 (1979). Our court has held that a foreign judgment may be attacked on grounds, *inter alia*, of lack of jurisdiction over the person or subject matter. *Bebeau v. Berger*, 22 Ariz.App. 522, 529 P.2d 234 (1975).

Firedoor's main argument is that the determination of a foreign court of its own subject matter or personal jurisdiction is immune to challenge by another court. Specifically, Firedoor contends that under New York law, a party to an arbitration proceeding is afforded an opportunity to raise any objections to the proceeding, including the existence or absence of an agreement to arbitrate and issues relating to jurisdiction. It points out that notice of the proceeding was given to Tibshraeny which afforded it an opportunity to deny the existence of an agreement to arbitrate and it declined to appear. Consequently, Firedoor argues, when the arbitrator found that there was an agreement to arbitrate and that New York was a proper locale, these jurisdictional factors became *res judicata* and are beyond attack in Arizona. *See, e. g., Sanpietro v. Collins*, 250 Cal. App.2d 203, 58 Cal.Rptr. 219 (1967), relied upon by Firedoor and stating this general principle.

■ Firedoor is correct in its argument that when a court in a contested hearing on the jurisdictional facts determines that it has jurisdiction, its determination is *res judicata* on the jurisdictional issue and cannot be relitigated in another state. *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931), *Restatement (Second) Conflict of Laws* § 96. In such a situation, an attack upon the jurisdiction of the rendering state made in the enforcing state would be barred upon principles of full faith and credit.

■ That, however, is not the situation here. From the outset, Tibshraeny held to the position that there was no agreement to arbitrate and thus refused to appear and participate in the New York arbitration proceeding. Likewise, it did not respond to the motion proceedings in the New York court to confirm the award by entry of judgment. There is no contention that Tibshraeny was brought before the New York court by virtue of personal service under a "long–arm" statute or its equivalent. The claim of personal jurisdiction of the New York court over Tibshraeny was wholly dependent upon the claimed agreement to arbitrate.

Under these circumstances, the finding by the arbitrator that there existed an agreement to arbitrate was not an adjudication to which Tibshraeny was bound, and the resulting New York judgment was not a final determination of that issue which could bar inquiry in an Arizona court. Since the question of jurisdiction was open to attack in Arizona, Tibshraeny correctly brought a motion under rule 60(c) in the Arizona superior court to determine the question. The order of the Arizona superior court holding that there was no agreement to arbitrate is thus determinative of the jurisdiction question and, since that decision is not challenged on appeal, the Arizona superior court correctly ruled that the New York court was without jurisdiction and that its judgment is void.

The order vacating the New York judgment is affirmed.

DONOFRIO and WREN, JJ., concur.