645 P.2d 1285

David L. SMITH and Carol E. Smith, his wife, Plaintiffs/Appellants,

v.

THOSE CERTAIN INSURANCE COMPANIES SUBSCRIBING TO AIRCRAFT HULL INSURANCE POLICY NO. REINCO 57, identified as CAMAT (Groupe Aerofrancassure), CFAE (Groupe Sprinks), GROOUPE PATERNELLE (Aviafrance), and FONCIERE, Defendants/Appellees.

No. 2 CA–CIV 4121.

Court of Appeals of Arizona, Division 2.

May 26, 1982.

Snell & Wilmer by H. William Fox and R. Chris Reece, Phoenix, for plaintiffs/appellants.

Jennings, Strouss & Salmon by Jefferson L. Lankford, Phoenix, for defendants/appellees.

OPINION

HATHAWAY, Judge.

This is an appeal from a superior court order setting aside a $353,000 default judgment against appellees, foreign insurance companies named in the security endorsement to a policy of insurance issued to appellants by Bayly, Martin and Faye Aviation Insurance Services, Inc., on behalf of the appellees. The policy provided aircraft hull and liability insurance to Mr. Smith and included a loss payable clause to New Mexico Bank & Trust Company, the mortgagee. It included the following provision:

"15. SERVICE OF SUIT

It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the insured (or reinsured), will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

It is further agreed that service of process in such suit may be made upon _____ and that in any suit instituted against any one of them upon this contract, Underwriters will abide by the final decision of such court or of any Appellate Court in the event of an appeal.

_____ is authorized and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the request of the insured (or reinsured) to give a written undertaking to the insured (or reinsured) that he will enter a general appearance upon Underwriters' behalf in the event such a suit shall be instituted.

Further pursuant to any statute of any state, territory or district of the United States which makes provision therefor, Underwriters hereon hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured (or reinsured) or any beneficiary here under [sic] arising out of this contract of insurance (or reinsurance), *and hereby designate the above-named* as the person to whom the said officer is authorized to mail such process or a true copy thereof." (Emphasis added)

The affidavit of the process server indicates that he served two copies of the alias summons, first amended complaint, and the insurance policy and a fee of $5.00 with the Arizona Director of Insurance on December 12, 1980. Appellants' attorney filed an affidavit of default on January 26, 1981, which recited the fact of service on those certain insurance companies subscribing to aircraft hull insurance policy number Reinco 57, by service on the Director of Insurance and that the time within which an answer or defense might be filed had passed. Entry of default was made the same day; on February 20, default judgment was entered. Seven days later, appellees moved to set aside the judgment, challenging the sufficiency of service of process. In support of their opposition to the motion to vacate, appellants' counsel filed his affidavit claiming that service of process was made pursuant to and in accordance with the terms and provisions of the insurance policy. An affidavit executed by an employee of the Director of Insurance stated that she had sent a copy of process to Bayly's address. Appellees' reply was supported by the affidavit of the president of Bayly stating that Bayly had not been authorized to accept service of process on behalf of appellees and had not received a notice of service and copy of process from appellants' counsel.

The trial court, in granting the motion to vacate the default judgment and entry of default, found that service of process was insufficient. We agree and affirm.

Proper service of process was essential for the court to have jurisdiction over appellees. *Koven v. Saberdyne Systems, Inc.,* 128 Ariz. 318, 625 P.2d 907 (App.1980). Appellees are unauthorized, nonresident insurers and therefore service of process may be effected upon them in accordance with A.R.S. § 20–403:

"§ 20–403. Service of process in an action by someone other than the director of insurance

A. The transaction of an insurance business in this state, as provided in § 20–106, by, or on behalf of, an unauthorized nonresident insurer shall be deemed to constitute an appointment by the insurer of the director and his successors in office as its attorney, upon whom may be served all lawful process issued within this state in any action or proceeding against such insurer brought by someone other than the director of insurance and arising out of any such transaction.

B. Such service of process shall be made by delivering to and leaving with the director two copies thereof. At the time of service the plaintiff shall pay five dol-

lars to the director, taxable as costs in the action. The director shall forthwith mail by registered or certified mail one of the copies of process to the defendant at its principal place of business as last known to the director, and shall keep a record of all process so served.

C. Notice of service and a copy of process shall be sent by plaintiff's attorney to defendant insurer at its last known principal place of business by registered or certified mail. Defendant insurer's receipt, or registry receipt as to the mailing issued by the post office where registered or certified, showing the name of the sender and name and address of the addressee, and the affidavit of plaintiff's attorney showing compliance with this subsection, shall be filed in the court in which the action is pending on or before the date the defendant insurer is required to appear, or within such further time as the court may allow. No judgment by default against the insurer may be taken under this section until the expiration of thirty days from date of filing of the affidavit of compliance.

D. Service of process in such an action or proceeding against an unauthorized resident insurer shall be valid if served upon any person within this state who transacts an insurance business in this state on behalf of such insurer. The requirement of subsection C of this section shall likewise apply with respect to such service of process.

E. Service of process upon such an insurer in accordance with this section shall be as valid and effective as if served upon a defendant personally present in this state.

F. Means provided in this section for service of process upon the insurer shall not be deemed to prevent service of process upon the insurer by any other lawful means.

G. An insurer which has been so served with process, subject to § 20–405, shall have the right to appear in and defend the action and employ attorneys and other persons in this state to assist in its defense thereto or settlement thereof."

■ Appellants concede that this statute was not complied with. They contend, however, that they followed the contract provision set forth above pertaining to service and therefore obtained personal jurisdiction over the appellees. We have recognized that a party, by contract, may waive his right to personal service and agree to receive a particular mode of notification of legal proceedings. *Coffee v. National Equipment Rental, Ltd.*, 9 Ariz.App. 249, 451 P.2d 329 (1969). However, one who elects to rely upon provisions in a contract to confer jurisdiction must strictly adhere to these provisions.

■ Appellants' reliance on the contract provision is misplaced. The spaces provided for the name of the agent authorized to accept service of process on behalf of appellees were never completed. It is clear that the contract provision was intended to provide for two methods of service by which the insurers agreed to submit to the jurisdiction of any court of competent jurisdiction within the United States. The first was service of process upon the designated agent and the second was by implementation of a statutory procedure, if such existed, by service upon the officer designated in the statute *and* mailing such process by said officer to the designated agent.

We agree with appellees that the failure to fill in the blank spaces in the insurance contract did not create an ambiguity; the omission merely shows absence of any agreement for substituted service on the non-resident insurers as to any deviation from the statutorily prescribed procedure set forth in A.R.S. § 20–403, for substituted service. Bayly, as evidenced by the affidavit of its president, was not authorized to accept service of process for appellees. Appellants presented no evidence to the contrary. The record demonstrates that the requirements of A.R.S. § 20–403 were not

satisfied and thus the superior court lacked jurisdiction to enter the default judgment. The motion to vacate was properly granted.

Affirmed.

HOWARD, C. J., and BIRDSALL, J., concur.