NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ESTATE OF JOHN P. KELLEHER, Deceased,
*Plaintiff/Appellee*,

*v.*

THOMAS R. STOREY, a single person, aka TOM STOREY,
*Defendant/Appellant.*

No. 1 CA-CV 15-0573
FILED 12-27-2016

---

Appeal from the Superior Court in Mohave County
No. S8015CV201500291
The Honorable Charles W. Gurtler, Jr., Judge

**AFFIRMED**

---

COUNSEL

Thomas R. Storey, Mesquite, Nevada
*Defendant/Appellant In Propria Persona*

Sippel Law Firm, PLLC, Kingman
By Mark A. Sippel
*Counsel for Plaintiff/Appellee*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Samuel A. Thumma joined.

---

D O W N I E, Judge:

¶1 Thomas Storey challenges the superior court's domestication of a Nevada judgment against him. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 In 2005, Storey and John Kelleher entered into a "Residential Lease With Option to Purchase" for a residence in Las Vegas, Nevada. Kelleher thereafter sued Storey for breach of that agreement in the District Court of Clark County ("district court"). The parties' contract included a provision stating that Storey would be entitled to attorneys' fees and costs if he prevailed in a dispute between the parties, but there was no corresponding provision in favor of Kelleher should he prevail.

¶3 The district court entered judgment for Kelleher and awarded him attorneys' fees as special damages. *Kelleher v. Storey*, 127 Nev. 1151 (2011) ("*Kelleher*"). Storey appealed, and the Supreme Court of Nevada largely affirmed, but reversed that portion of the judgment that awarded Kelleher attorneys' fees as special damages. *Id*. On remand to the district court, Kelleher made a request for fees pursuant to the parties' contract. *Storey v. Kelleher*, 128 Nev. 938 (2012) ("*Storey*"). Relying on the law-of-the-case doctrine, the district court denied the fee request. Kelleher appealed, and the Supreme Court of Nevada reversed, holding that the law-of-the-case doctrine was inapplicable because that court had not "expressly rule[d] on contractual attorney fees." *Kelleher*, 127 Nev. at 1151.

¶4 On remand, the district court awarded Kelleher $66,038.34 in attorneys' fees and costs based on the parties' contract. Storey appealed, and the Supreme Court of Nevada affirmed, citing Nevada precedent establishing that contractual provisions allowing for a fee award to one party are reciprocal as a matter of law. *Storey*, 128 Nev. at 938 (citing *McCrary v. Bianco*, 131 P.3d 573, 577 (2006)). Kelleher thereafter requested additional fees and costs in the district court. The matter was stayed while Storey unsuccessfully sought review by the United States Supreme

Court. Thereafter, the district court awarded Kelleher additional attorneys' fees.

**¶5** In 2015, Kelleher's estate filed an action in Mohave County Superior Court to domesticate the Nevada judgment in Arizona.[1] Storey filed numerous motions in response, including a motion for relief pursuant to Arizona Rule of Civil Procedure 60(c); he also moved to re-open in the Nevada district court. After the Nevada district court denied Storey's motion to reopen, the Arizona superior court denied his motion for Rule 60(c) relief, as well as his subsequent motion for new trial. The superior court declared Storey a vexatious litigant and assessed attorneys' fees and costs against him.[2] This appeal followed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(B).

## DISCUSSION

**¶6** Whether a foreign judgment is entitled to full faith and credit is a question of law that we review *de novo*. *Grynberg v. Shaffer*, 216 Ariz. 256, 257, ¶ 5 (App. 2007). This Court will affirm the superior court's judgment if it is correct for any reason. *Ariz. Bd. of Regents v. State ex rel. State of Ariz. Pub. Safety Ret. Fund Manager Adm'r*, 160 Ariz. 150, 154 (App. 1989).

**¶7** Arizona has adopted the Uniform Enforcement of Foreign Judgments Act. A.R.S. §§ 12-1701–08. As part of that Act, A.R.S. § 12-1702 provides, in pertinent part:

> A copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state may be filed in the office of the clerk of any superior court of this state. . . . A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a

---

[1] The Notice of Filing Foreign Judgment states that John Kelleher died after entry of the Nevada judgment. We refer to the estate as "Kelleher."

[2] Storey's opening brief does not address the vexatious litigant determination or the fees and costs imposed in the domestication proceedings. Those issues have therefore been waived for purposes of appeal. *See State v. Moody*, 208 Ariz. 424, 453 n.9, ¶ 101 (2004).

superior court of this state and may be enforced or satisfied in like manner.

¶8            Section 12-1702 must be read in tandem and consistently with the Full Faith and Credit Clause of the United States Constitution. *See* U.S. Const. art. IV, § 1; *Giehrl v. Royal Aloha Vacation Club, Inc.*, 188 Ariz. 456, 457 (App. 1997) (Full Faith and Credit Clause requires states to "respect and enforce judgments rendered in the courts of their sister states."). "Full faith and credit . . . generally requires every State to give to a judgment at least the res judicata effect which the judgment would be accorded in the State which rendered it." *Durfee v. Duke*, 375 U.S. 106, 109 (1963). Limited bases exist for collaterally attacking a foreign judgment sought to be domesticated in Arizona:

> [R]es judicata effect does not attach and a sister state need not give full faith and credit to another state's judgments if the rendering state lacked jurisdiction over the person or subject matter, the judgment was obtained through lack of due process, the foreign court was incompetent to render the judgment, the judgment was the result of extrinsic fraud or if the judgment was invalid or unenforceable.

*Jones v. Roach*, 118 Ariz. 146, 149 (App. 1977).

¶9            Storey contends the Nevada judgment should not have been domesticated because

> the Nevada Court that issued the order on which the foreign judgment is based did not have the authority or jurisdiction to do so. [Nevada Revised Statute] 118A.220 voids the attorney's fee provision in the parties['] contract. The Nevada Legislature has sole jurisdiction to adopt or modify laws.

¶10           This type of collateral attack on the substantive merits of the Nevada judgment is impermissible in domestication proceedings. Although Storey characterizes his argument as one based on jurisdiction, claimed legal error is not synonymous with a lack of jurisdiction. *See, e.g.*, *Collins v. Superior Court*, 48 Ariz. 381, 393 (1936) (Explaining that "jurisdiction" is often incorrectly used to mean, "not the *power* to perform a certain act, but the *performing of it when it was prohibited,* a very different thing."); *Estes v. Superior Court*, 137 Ariz. 515, 517 (1983) (distinguishing the term "jurisdiction" from legal error).

¶11 In *Jones*, this Court held that A.R.S. § 12-1702 "does not authorize this state to entertain a Rule 60(c) motion to avoid the enforcement of a 'foreign judgment' for to do so would not afford finality to the rendering state's judgment and thus be contrary to the Full Faith and Credit Clause of the United States Constitution." 118 Ariz. at 150. This holding was clarified in *Phares v. Nutter*, 125 Ariz. 291, 293 (1980), which rejected as overly broad the notion that Rule 60(c) motions are *never* appropriate in domestication proceedings. The judgment debtor in *Phares* was challenging the issuing court's jurisdiction and also asserting extrinsic fraud, both of which the court held could be raised in a Rule 60(c) motion in the domestication proceedings. *Id*. The Full Faith and Credit Clause, the court explained, "does not prevent a judgment debtor from collaterally attacking a foreign judgment *on the grounds of fraud or want of jurisdiction*." *Id*. at 294 (emphasis added). *Phares* did not, however, overrule *Jones* or suggest that a judgment debtor may use Rule 60(c) to collaterally attack the substantive merits of a sister state's judgment based on legal error. For these same reasons, Storey's challenge to the Nevada court's calculation of attorneys' fees is not cognizable in the domestication proceedings.

## CONCLUSION

¶12 For the foregoing reasons we affirm the judgment of the superior court. We grant Kelleher's request for an award of attorneys' fees incurred on appeal pursuant to Arizona Rule of Appellate Procedure ("ARCAP") 25 based on the frivolous nature of Storey's appeal. Kelleher is also entitled to recover taxable costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA