But lee, J.
There is no error in the judgment of the court below, and this will be apparent from a brief statement of the principles applicable to the case.
By the constitution of a general partnership and as one of the elements of it, each partner is vested by his copartners with power to contract for, and bind the firm, within the scope of the partnership business. Each is constituted the agent of all, and each is responsible for the acts of all.
Once existing and publicly known to exist, the con'tinuance of the connection will be presumed by the public till the contrary appears. If a dissolution takes place by operation of law, as by death or bankruptcy, no notice is required. The operations of law have a notoriety which all are bound to regard. But a dissolution by limitation, or the voluntary and mutual assent of the partners, is a matter of private arrangement, which cannot be presumed to be known to others unless they are informed of it. *4 Until such information is given, actually or constructively, therefore, the continuance of the connection, and of the powers and liabilities of each partner, may well be presumed by every one who has occasion to deal with either on' account of the firm.
It follows upon the principles of justice and policy, and in conformity with the perfectly well settled rule of law, that, upon such a dissolution of the partnership, a retiring partner who wishes to do justice to others and terminate his own responsibility, is under obligation to give information of the fact to all who have dealt or are dealing with the firm, and to the public at large, with whom new attempts to deal may be made. It is equally clear that the notice so given by a retiring partner should be coextensive with the obligation assumed and as particular and specific as can be reasonably required of him under the circumstances of the case. He knows or may know who the persons are who have dealt with the firm, and he can, without unreasonable effort, give each of them actual notice, and [ *5 J therefore the law requires that he *should do so. He can not, without more effort or expense than can reasonably be demanded of him, give actual notice to every other member of the public ; and therefore the law does not require it; but it does require him to discharge his obligation if he would terminate his liability, and to give some, and reasonable notice, to the public at large. Ordinarily a publication in one of the newspapers published in the place or county where the partnership business was conducted as it is the customary mode of giving such information, will, as to all who have not had previous dealings with the firm, be deemed sufficient.
That is the least that can be required of him in an ordinary case in. respect to the public, and even that may not in all cases be sufficient, and whether it be or not will depend on the circumstances of the particular case.
But in relaxing the rule as applicable to those who have not dealt with the firm, and considering a general notice, operating as a constructive notice, to be sufficient as to them, because of the difficulty of giving actual notice to every body, the courts have not intended to relax, and have not relaxed, the rule in respect to those who have dealt with the firm. As to them, there is no reason for such relaxation, and a publication is never sufficient, unless indeed it can be shown that the publication was seen by them, and therefore that they in fact had actual knowledge.
In this case the dissolution of the firm of R. Johnson & Co., was voluntary and not by operation of law. The plaintiffs had previously dealt with the firm, and, upon the facts found, they *5 may well be considered as regular dealers. No actual notice of the dissolution was given them, and it is found that they had no actual knowledge of it.
The publication, unless it came to their knowledge, was not as to them sufficient. The character of their previous dealing and the circumstances attending the publication of the notice, including the contiguity of the advertisements, were proper matters of evidence to be taken into consideration by the court in connection with the other evidence in the case, upon the question whether the plaintiffs actually *knew of the [ *6 ] dissolution or not. Doubtless the court so considered them. But having found that no actual notice was given to the plaintiffs, and that they did not see the publication, and had no actual knowledge of the dissolution, and that there had been previous dealing between the parties, the court correctly rendered judgment for the plaintiffs.
The judgment of the superior court is therefore affirmed.
In this opinion the other judges concurred.
Judgment affirmed.