## THE CITY SAVINGS BANK OF BROOKLYN v. TILLIE SEFTEL

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 79089

Memorandum filed June 21, 1949

*J. Richard Fay,* of South Norwalk, for the Plaintiff.

*Vogel & Sigsway,* of Norwalk, for the Defendant.

ALCORN, J. The plaintiff has sued to recover on a judgment alleged to have been obtained against the defendant in the Supreme Court of the state of New York. The defendant's answer contains six special defenses, the last of which incorporates the first five as separate counts, adds an allegation that the defendant is without adequate legal remedy, and, by way of cross-complaint, seeks a declaratory judgment that the judgment sued on is null and void and also an injunction preventing the plaintiff from enforcing it. The plaintiff demurs to the second to the sixth defenses inclusive and the cross-complaint because they are collateral attacks upon a judgment of a court of competent jurisdiction and further demurs to the relief sought on the cross-complaint because the defendant has an adequate remedy at law.

The second defense alleges in substance that the judgment sued on is void because no process in the original action was ever served upon the defendant, she had no opportunity to appear and be heard, and no court nor any judge thereof has ever rendered the judgment in issue.

"A judgment which is void is subject to collateral attack both in the State in which it is rendered and in other States." Restatement, "Judgments" § 11. See under this section, especially, comment b. It is established in this state that jurisdiction is not conclusively presumed in the case of a foreign judgment and such a judgment can be collaterally attacked. *Coit* v. *Haven,* 30 Conn. 190, 197-198. Such a situation differs from that in which

the attack is upon the manner of the court's exercise of its juris-diction, for that cannot be the subject of collateral attack. *San-ford* v. *Sanford*, 28 Conn. 5, 13.

The third special defense alleges in substance that the plain-tiff has lost its right to recover upon the foreign judgment be-cause it has at no time, either before or after its rendition on November 5, 1930, taken any steps to obtain satisfaction of it or apprise the defendant of its existence until the present action. Quite obviously this defense assumes the validity of the judg-ment, and the reason of demurrer assigned is not applicable to it.

The fourth and fifth defenses allege in substance that the plaintiff withheld or concealed from the court material facts at the time the judgment in issue was obtained. These defenses seem to raise the issue as to a fraud perpetrated by the plaintiff upon the court which entered the judgment. Whether this is a good defense at law to an action on the judgment is not raised by the demurrer, and the single reason of demurrer assigned is in-applicable to it.

The sixth so-called defense and cross-complaint is in actuality a cross-complaint. As already indicated, it is made up chiefly of the allegations of the four preceding special defenses, the con-tents of which is heretofore summarized. As a part of this cross-complaint which seeks injunctive relief, the fourth and fifth de-fenses assume a new character and the fraud which they allege becomes pertinent as an equitable bar to the enforcement of the judgment. *Fisher, Brown & Co.* v. *Fielding*, 67 Conn. 91, 112. The demurrer, of course, admits the allegation of the cross-complaint that the defendant has no adequate remedy at law.

The material parts of the cross-complaint for this discussion set forth the claim, first of all, that the defendant was never served and never was heard respecting the judgment in the New York court and, secondly, that the plaintiff obtained the judg-ment by concealing the true facts from the court. It seems evi-dent that, being absent, the defendant could not have put the fraud in issue in the New York court. When to this is added the further allegation that she was not apprised of the judgment until the bringing of this action, ample grounds for equitable in-tervention exist. *Pearce* v. *Olney*, 20 Conn. 543, 554-555; *Fish-er Brown & Co.* v. *Fielding*, supra; see also *Hill* v. *Hill*, 135 Conn. 566.

The demurrer is overruled on all grounds.