812 P.2d 1085

**Ruben ALEGRIA, Plaintiff/Appellee,**

v.

**Carol REDCHERRIES, Defendant/Appellant.**

**No. 2 CA–CV 90–0230.**

Court of Appeals of Arizona, Division 2, Department A.

Jan. 22, 1991.

As Corrected Jan. 24, 1991.

Review Denied July 16, 1991.

Barbara Atwood and Mendelsohn, Oseran, Mance & Eisner by Barbara Burstein, Tucson, for defendant/appellant.

Sidney L. Kain, Tucson, for plaintiff/appellee.

## OPINION

LIVERMORE, Presiding Judge.

In 1987 Dawn LaFountain, the daughter of defendant Carol Redcherries and an enrolled member of the Northern Cheyenne Tribe, moved from her reservation home in Lame Deer, Montana to Tucson. In late August 1988 she married plaintiff Ruben Alegria. In early October she returned to Lame Deer to reside with Redcherries. On May 11, 1989, LaFountain gave birth to Lupe; Lupe's father was Alegria. LaFountain was diagnosed as having stomach cancer in July 1989 and, at Indian Health Service expense, went to Billings, Montana for treatment. LaFountain, Lupe, and Redcherries visited Alegria in Tucson in August and he returned with them to Billings. He and LaFountain lived together there until her death in November. Alegria went to the reservation to attend LaFountain's funeral; while there he was served with process in a proceeding in tribal court brought by Redcherries seeking guardianship of Lupe. At a hearing on December 4, 1989, Alegria appeared, contested jurisdiction and testified on the merits. He was awarded temporary custody of Lupe and was ordered to appear for a final hearing on January 9, 1990. Instead he took Lupe to Tucson. At the January hearing Redcherries was awarded custody of Lupe. When Redcherries sought to enforce the Cheyenne tribal court degree in Tucson, Alegria brought this action to enjoin enforcement of that decree. Redcherries counterclaimed for enforcement. The trial court ruled in Alegria's favor on the ground that the tribal court did not have jurisdiction because Lupe was neither resident nor domiciled on the reservation. This appeal followed. We reverse.

Although not framed in this manner by the parties, we view the essential question in this case as being whether a party over whom a court has personal jurisdiction can refuse to contest subject matter jurisdiction in that court, when the existence of such jurisdiction turns on a disputed question of fact and, instead, seek to avoid enforcement of the resulting judgment by litigating or relitigating that factual issue as a defense. We believe not. As put in Restatement (Second) of Judgments § 11, comment c (1982):

> Whether a court whose jurisdiction has been invoked has subject matter jurisdiction of the action is a legal question that may be raised by a party to the action or by the court itself. When the question is duly raised, the court has the authority to decide it. A decision of the question is governed by the rules of res judicata and hence ordinarily may not be relitigated in a subsequent action. See § 12. Thus, a court has authority to determine its own

authority, or as it is sometimes put, "jurisdiction to determine its jurisdiction."

In this case jurisdiction could be asserted by the tribe either if Lupe was a member of the tribe or if she was a resident of the reservation. Both of those bases of jurisdiction involve factual issues. Both, as we know from the hearing below, involve evidence that could support a finding either way. Having had an opportunity to contest that issue, indeed having contested it at the hearing on temporary custody, Alegria cannot now avoid the tribal judgment on that issue. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n. 9, 102 S.Ct. 2099, 2104 n. 9, 72 L.Ed.2d 492, 501 n. 9 (1982); *Lofts v. Superior Court*, 140 Ariz. 407, 682 P.2d 412 (1984).[1] See also 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4428 (1981). Being barred from contesting subject matter jurisdiction, Alegria has no other basis to attack the judgment of the tribal court. It, therefore, must be enforced as a matter of comity, *Leon v. Numkena*, 142 Ariz. 307, 689 P.2d 566 (App.1984), under the provisions of the Uniform Child Custody Jurisdiction Act, A.R.S. § 8–413, *Martinez v. Superior Court*, 152 Ariz. 300, 731 P.2d 1244 (App. 1987), or under the provisions of the Parental Kidnapping Prevention Act, 28 U.S.C.A. § 1738A, *In re Larch*, 872 F.2d 66 (4th Cir.1989).

The judgment is reversed and the matter remanded for the entry of an order enforcing the judgment of the Northern Cheyenne Tribal Court.

HATHAWAY and LACAGNINA, JJ., concur.

---

1. While *Lofts* states that the issue must be fully and fairly litigated in the original proceeding, we do not take that to mean that one can refuse to participate in the original proceeding and thus preserve the right to contest subject matter jurisdiction in a subsequent proceeding.