NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

FUNDING METRICS LLC, *Plaintiff/Appellee,*

*v.*

TIMOTHY MARK OWENS, *Defendant/Appellant.*

No. 1 CA-CV 18-0092
FILED 11-27-2018

Appeal from the Superior Court in Maricopa County
No. CV 2017-091776
The Honorable Margaret E. Benny, Commissioner

**AFFIRMED**

COUNSEL

J. Mark Heldenbrand, PC, Mesa
By J. Mark Heldenbrand
*Counsel for Plaintiff/Appellee*

Timothy Mark Owens, Queen Creek
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Lawrence F. Winthrop joined.

---

**T H O M P S O N**, Judge:

**¶1**   Timothy Owens ("Owens" or "appellant") appeals from the superior court's ruling denying his motion to dismiss/motion to quash the registration of a New York state foreign judgment domesticated in Arizona. For the following reasons we affirm the ruling.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**   On July 8, 2016, Owens entered into an agreement (the contract) with Funding Metrics, LLC ("Funding Metrics") as principal and personal guarantee on a loan made to SS/T Auto, LLC ("SS/T"). The contract stated that the state of New York was the governing law and venue for all actions arising under the contract. The contract also required that Owens sign an affidavit of confession of judgment (confession of judgment) individually and on behalf of SS/T, consenting to the jurisdiction of the supreme court of the state of New York. The confession of judgment was for "debt due to [Funding Metrics] arising from [SS/T]'s failure to pay" on the loan. Three days after the contract was signed SS/T defaulted on the loan.

**¶3**   On October 17, 2016, Funding Metrics filed the confession of judgment with the supreme court of New York and received judgment the same day. The judgment found that SS/T and Owens owed Funding Metrics a total of $58,147.38. On July 20, 2017, Funding Metrics filed the foreign judgment with the superior court of Maricopa County. On August 29, 2017, Funding Metrics filed a petition in support of supplemental proceedings asking the superior court to order Owens to appear and answer questions under oath. Owens then filed his motion to dismiss/motion to quash the foreign judgment (the "motion").

**¶4**   The trial court held an evidentiary hearing on December 1, 2017. At the end of the hearing the court denied Owens's motion and domesticated the foreign judgment. Owens timely appealed. We have

jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2) (2018).

**DISCUSSION**

**¶5**        "The full faith and credit clause of the United States Constitution requires that a judgment validly rendered in one state's court be accorded the same validity and effect in every other court in the country as it had in the state rendering it." *Lofts v. Superior Court in and for Maricopa Cty.*, 140 Ariz. 407, 410 (1984); *see also* U.S. Const. art 4, § 1. "[T]he finality of a rendering state's judgment must be determined under the local law of the state of rendition." *Jones v. Roach*, 118 Ariz. 146, 150 (App. 1977). Arizona law provides in relevant part that a properly filed foreign judgment "has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a superior court." A.R.S. § 12-1702. The statute does not authorize the state of Arizona to entertain a motion for relief from judgment to avoid the enforcement of a foreign judgment. *See id.* To do so would not afford finality to the rendering state's judgment and would be contrary to the full faith and credit clause of the United States Constitution. *See* U.S. Const. art 4, § 1.

**¶6**        On appeal Owens first argues that because the confession of judgment would be invalid under A.R.S. § 44-143, the foreign judgment should not be enforced. In Arizona, a confession of judgment is only valid if it is signed after the debt is incurred. A.R.S. § 44-143 (2018). However, under New York law a confession of judgment signed at the same time as a loan agreement is valid and enforceable. N.Y. C.P.L.R. 3218 (McKinney 1963). Owens does not argue that the New York judgment is invalid in New York, only that it cannot be enforced in Arizona. However, the purpose of the Uniform Enforcement of Judgements Act is to provide the enacting state with a speedy and economical method of enforcing foreign judgments. *Citibank (South Dakota), N.A. v. Phifer*, 181 Ariz. 5, 6 (App. 1994). Additionally, we cannot substitute our own laws for New York's. Owens agreed to New York jurisdiction when he signed the contract and the confession of judgment and he is therefore subject to and liable under New York law. To provide him relief under Arizona laws after New York issued a valid judgment would be contrary to the full faith and credit clause of the U.S. Constitution and to Arizona's own statutes. *See* A.R.S. §§ 12-1701 and 12-1702; U.S. Const. art. 4, § 1. As such we affirm the superior court's ruling that the judgment is enforceable in Arizona.

**¶7**        Owens next argues that the foreign judgment is invalid because his due process rights were violated. Owens admits that he signed

the confession of judgment and the contract which contained a cognovit clause. A cognovit clause is a "contractual provision by which a debtor agrees to jurisdiction in certain courts, waives notice requirements, and authorizes the entry of an adverse judgment in the event of a default on breach."*Parker v. McNeill*, 214 Ariz. 495, 496 n.1, ¶ 4 (App. 2007) (citing Black's Law Dictionary 254 (7th ed. 1999)). Despite his voluntary signature, appellant still argues that his due process rights were violated because cognovit clauses are "unconstitutional." However, the Supreme Court has determined that cognovit clauses are not unconstitutional per se. *Swarb v. Lennox*, 405 U.S. 191, 200 (1972) ("[U]nder appropriate circumstances, a cognovit debtor may be held effectively and legally to have waived those rights he would possess if the document he signed had contained no cognovit provision."). Indeed, Arizona recognizes and enforces cognovit clauses. *See Parker*, 214 Ariz. at 499.

**¶8**        Owens cites extensively to *Isbell v. County of Sonoma*, 577 P.2d 188 (Cal. 1978). However, his reliance on this case is misplaced. *Isbell* deals with whether a confession of judgment and cognovit clause executed under California law is valid in California. *Id.* It does not address whether a confession of judgment is valid in New York. If Owens believed the cognovit clause and confession of judgment were invalid, the appropriate forum for such arguments was in New York where the confession of judgment was filed and ultimately granted. In short, Owens cites no legal authority and provides no factual evidence to support a finding of a due process violation. We affirm the superior court's ruling rejecting Owens's due process claim.

**¶9**        Owens's final argument is that the community property of a married couple cannot be reached to satisfy a foreign judgment when one of the spouses was not a party to the original proceeding. However, this issue was not raised below, and we therefore will not address it. *See McDowell Mountain Ranch Land Coalition v. Vizcaino*, 190 Ariz. 1, 5 (1997) (citing *Hawkins v. Allstate Ins. Co.*, 152 Ariz. 490, 503 (1987)).

**CONCLUSION**

**¶10**  For the foregoing reasons, we affirm the superior court's ruling. We award reasonable attorneys' fees to Funding Metrics upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA